**BLOOMBAUM v. UNITED STATES.**
No. 6764.

United States Court of Appeals, Fourth Circuit.

Argued March 15, 1954.

Decided April 5, 1954.

charged that appellant "being then and there a transferee of marihuana required to pay the transfer tax imposed by Title 26, Section 2590(a) (2), United States Code, did acquire and otherwise obtain a quantity of Cannabis sativa L., commonly known as marihuana, to wit, twenty-one thousand eight hundred and five (21,805) grains, without having paid the tax on the transfer of said marihuana to him made."

The appellant being represented by counsel of his own choosing voluntarily entered a plea of guilty to the indictment and was thereupon sentenced to a term of imprisonment. In his motion to vacate the sentence, he contends that he was a user of marihuana, that his only source of supply was through illegitimate channels and that he was not one required to register and pay tax. It is a sufficient answer to this that the indictment expressly charged that appellant was a "transferee of marihuana required to pay the transfer tax" and that he pleaded guilty to the charge, being represented at the time by counsel. He may not, thereafter attack the sentence on the ground that he was not in fact guilty of the charge contained in the indictment, as a voluntary plea of guilty is an admission of guilt and a waiver of all non-jurisdictional defects. United States v. Sturm, 7 Cir., 180 F.2d 413, 416. If he had any defense to the charge he should have presented it at the time, and not by motion under 28 U.S.C. § 2255, which lies only where the sentence is void or otherwise subject to collateral attack. Taylor v. United States, 4 Cir., 177 F.2d 194; Crowe v. United States, 4 Cir., 175 F.2d 799; Birtch v. United States, 4 Cir., 173 F.2d 316, 317. As said in the case last cited:

"It is true of motions made under this section, as we held of motions in the nature of applications for writs of error coram nobis under the prior practice in the appeal before us, that they 'may not be used to review the proceedings of the trial as upon appeal or writ of error, but merely to test their validity when judged upon

Milton Bloombaum, pro se.

Herbert H. Hubbard, Asst. U. S. Atty., Baltimore, Md. (George Cochran Doub, Baltimore, Md., U. S. Atty., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made under 28 U.S.C. § 2255 to vacate a sentence of imprisonment imposed upon a plea of guilty to an indictment charging appellant with having acquired a quantity of marihuana in violation of law. The indictment

the face of the record or by constitutional standards.' See also Howell v. United States, 4 Cir., 1949, 172 F. 2d 213.

"Relief under 28 U.S.C.A. § 2255 may be granted only where it appears 'that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.' "

We may add to the above that we do not think that even upon the facts which he now alleges, the appellant had any defense to the charge contained in the indictment. One who traffics in marihuana may not escape liability for violation of the statute merely because he secures the drug through illegitimate channels. See United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47.

Affirmed.