## BROWN, ETC. *v.* STATE

[No. 36, September Term, 1960.]

402

*Decided November 9, 1960.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Roland Walker* for the appellant.

Submitted on brief by *C. Ferdinand Sybert, Attorney Gen-*

*eral, James O'C. Gentry, Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Norman Polski, Assistant State's Attorney,* for the appellee.

PER CURIAM.

The appellant asserts three grounds for the reversal of the judgment and sentence in this case. These are: first, that his plea of guilty was not made with a full understanding of its nature and effect; second, that the evidence was insufficient to support the conviction; and third, that the sentence was not proper, the implication being that it was cruel and unusual.

All three of these propositions are urged by the appellant himself, and his counsel has so presented them in the brief. Counsel in cases such as this, where the defendant insists upon taking an appeal despite the complete lack of any legal merit in the appeal is placed in a difficult position, and here, we think, he has properly met the situation with candor. We cannot believe that the liberality with which appeals are allowed should lower professional standards of candor by imposing an obligation upon counsel to urge arguments on behalf of his client which he does not believe to be even fairly debatable under the law.

An examination of the record shows that the appellant was fully aware of what he was doing in pleading guilty to one count of several indictments against him. The charge to which he pleaded guilty was one of uttering a forged instrument. Upon his entering this plea, other counts in that indictment and two other indictments against him for forgery were stetted. The defendant was questioned both by his own counsel and by the court as to his understanding of his plea. After the plea had been entered, the court heard testimony from the defrauded party and from a police officer before accepting the plea by announcing a verdict of guilty and imposing sentence. The plea was validly entered and received. See *Lowe v. State,* 111 Md. 1, 73 A. 637, where the requirements for a proper plea of guilty are stated. See also *Jones v. State,* 221 Md. 141, 143-144, 156 A. 2d 421, and the statements of this Court in accord with the rule set forth in the *Lowe* case in *State v. Darling,* 130 Md. 251, 254, 100 A. 91, and in *State v. Stafford,*

160 Md. 385, 390, 153 A. 77. In the *Lowe* case, the judgment was reversed because the requirements of the rule had not been met; in the *Darling* and *Stafford* cases, the facts before this Court were insufficient for a determination of the question. In the *Jones* case the rule was recently applied by this Court in upholding a conviction.

Where a plea of guilty is properly entered, as it was here, evidence to prove guilt is not required. See the *Lowe* case, 111 Md. at p. 14, and *Cumberland v. Warden*, 205 Md. 646, 648, 109 A. 2d 66, and cases therein cited; *Wagner v. Warden*, 205 Md. 648, 652, 109 A. 2d 118; *Tyler v. Warden*, 206 Md. 635, 637, 109 A. 2d 919; *Niblett v. Warden*, 221 Md. 588, 591, 155 A. 2d 659. Cf. *Lucas v. Warden*, 209 Md. 645, 120 A. 2d 913, where a plea of guilty was held to make a trial by jury unnecessary.

The sentence was within the limit prescribed by the applicable statute (Code (1957), Art. 27, § 44), and is clearly valid.

*Judgment affirmed.*