## CASE *v.* STATE

[No. 261, September Term, 1961.]

552

*Decided May 8, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Leonard J. Kerpelman* for appellant.

*Joseph S. Kaufman, Deputy Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney* and *John P. Rogers, Assistant State's Attorney,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant Case pleaded guilty to the possession of narcotics and to a prior conviction of possession. He claims in this Court that his plea was not freely and voluntarily given and that it was made without full understanding of its nature and effect. He says further that the impaneling of a jury to try him had been begun on September 21, 1961, several weeks before he pleaded guilty on October 9, and that the entire jury panel was thereafter dismissed improperly without the presence of appellant or his counsel; that he was denied a speedy trial (because of postponement of the trial from September 21 to October 9) ; and that these irregularities mounted up to deprivation of due process of law. At the argument appellant made the explicit concession, as we think he had to do, that if the plea of guilty was valid and properly received, the earlier alleged irregularities complained of were waived and the appeal must fail.

The record shows that appellant was arraigned on September 7, 1961, and in person pleaded not guilty. On September 21, the case was called for trial and the plea of not guilty was reentered by counsel who had been retained by Case, who then filed a motion to suppress evidence. The court, with the ac-

quiescence of counsel for the State and for the accused, determined to hear the motion as the case was presented to the jury. Three jury panels were then summoned and, it was stipulated, were thereafter all dismissed in the absence of appellant's lawyer without a jury having been selected, because the State decided to try a codefendant before it tried the appellant. On October 9, 1961, the case again came up for trial and appellant's counsel reiterated that the plea was not guilty and that a jury trial was prayed. The court then said: "Mr. Case, is that your plea?" The appellant replied that he wished to change his plea to guilty but had not had a chance to talk to his lawyer since he decided to do so. At the court's suggestion, lawyer and client talked the matter over in the jury box and then the lawyer said: "The defendant wishes to change his plea; but I feel that under those circumstances I would have to request the Court's permission to withdraw from this case." He said his reason for wanting to withdraw was that he felt the State could not make out a case beyond a reasonable doubt and that he thought the accused should "put up a defense and make the State prove the corpus delicti * * *."

The court then said: "[Y]ou know and Mr. Case knows if he wants to enter a plea of not guilty and wants a jury trial he is entitled to it; but, if he says he doesn't want to plead not guilty, that he wants to plead guilty, he has a right to do it and you as counsel, I think, have to accept or do what he tells you to do"; to which counsel replied: "I do accept his choice, your Honor, he is the one making this very serious choice. However, I don't feel that I can conscientiously represent him any further"; and the court said: "Well, if he wants the plea to continue there isn't anything much you can do now except to let me know what the circumstances might be in the case which would affect the sentence; so that there isn't any point in releasing you now. If he continues to, if he pleads or insists on pleading guilty the case is disposed of, after that I shall permit you to withdraw from the case if you wish to."

Judge Carter then said to the accused: "Let's find out once more from Mr. Case, what is your plea in this case?" to which the accused's reply was: "It is guilty" (to the first count charging possession).

The fourth count (a second offender count) was then read by the clerk, and Case, when asked how he plead to that count, said "Guilty." Case's lawyer then argued a motion to dismiss the indictment based on his contention that the jury had been improperly dismissed on September 21. Case said he had not previously been aware of the motion and did not purport to adopt or ratify it, although he did not specifically disclaim it. The motion was denied, and thereafter Case took the stand and, under oath, said that he had been a user of narcotics since he had been in college and added: "I appreciate anyway, any circumstances, a long sentence even if it be towards the end that maybe I could get some psychiatric help because when I was sentenced in Judge Warnken's court in 1954 they had a psychiatrist look at me and I was, you know, pretty straight for a while."

It appeared that Captain Carroll, head of the narcotics division of the Baltimore Police Department, had at Case's request visited him in jail and that Case's decision to plead guilty had been a result of their conversation. Captain Carroll told the court that Case was not a heavy user of narcotics and the court imposed a minimum sentence and instructed the State's Attorney to ascertain if Case would fit into one of the rehabilitation programs which the State conducts for imprisoned narcotics users.

The record leaves no doubt in our minds that Case intelligently, freely and knowingly entered a plea of guilty with full understanding of its nature and effect and of the facts on which it was founded, and that the court properly accepted the plea. *Adams v. State,* 224 Md. 141; *Brown v. State,* 223 Md. 401; *Lowe v. State,* 111 Md. 1. This being so, the plea, when accepted, was a "conviction of the highest order," *Roberts v. Warden,* 221 Md. 576, 580, and a waiver of all nonjurisdictional defects. *Bloombaum v. United States,* 211 F. 2d 944 (4th Cir.). Without suggesting that they would otherwise have offered him relief, we hold that Case waived all the prior claimed irregularities he now relies on by offering the valid plea of guilty.

*Judgment affirmed.*