## EDWARDS v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 20, September Term, 1963.]

668

*Decided November 13, 1963.*

Before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is the second application for leave to appeal from a denial of post conviction relief. Petitioner was indicted in 1956 on six indictments for robbery with a deadly weapon. After counsel had been appointed, he pleaded guilty to four of the indictments, stood trial and was convicted on one, while the State stetted the sixth. He was sentenced by Judge Carter to 20 years on each of the five indictments on which he was convicted, three to run consecutively and two concurrently, a total of sixty years. He took no appeal. In his first petition for post conviction relief he raised a number of points fully covered by Judge Byrnes. We denied leave to appeal in 1959. *Edwards v. Warden,* 221 Md. 575 ; *cert. den.* 362 U. S. 971.

In his second petition before Judge Cardin he raised for the first time a contention that a gun found in his car was seized as a result of an illegal search. Judge Cardin disposed of the matter summarily by stating that the question of illegal search is not grounds for relief under the Act. The statement is too broad. See *Davis v. Warden,* 232 Md. 670. Judge Cardin also relied on Code (1962 Supp.), Art. 27, sec. 645H, which provides that grounds not raised in an original or amended petition are waived. But there is an exception if "the court finds in a subsequent petition grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." *Mapp v. Ohio,* 367 U. S. 643, was not decided until 1961, and Edwards, or his counsel, could not reasonably have anticipated that what had been theretofore considered as an established rule of evidence would be condemned as in contravention of procedural due process. Apparently, the

testimony was never transcribed. There is nothing to show the circumstances under which the gun was found. It may be that the whole case can be disposed of on the facts.

Since we think the trial court erred in disposing of the matter as he did, we shall remand the case for further proceedings without affirmance or reversal. We express no opinion on the effect of the provisions in sec. 645A dealing with matters that may have been finally litigated or waived by the failure to appeal under the circumstances.

> *Leave to appeal granted and case remanded for further proceedings.*