YOUNG *v.* WARDEN OF THE MARYLAND
PENITENTIARY

[App. No. 56, September Term, 1963.]

598

*Decided December 9, 1963.*

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

In October 1957 John Austin Young, the applicant for leave to appeal, was convicted of robbery with a deadly weapon in the Criminal Court of Baltimore. He did not appeal his conviction, but in 1957 and, subsequently, in 1958 filed applications for writs of habeas corpus in the Circuit Court for Baltimore County, both of which were denied. He applied to this Court for leave to appeal the denial of the latter petition, and we refused his application. *Young v. Warden*, 218 Md. 636. On March 6, 1959, Young filed a petition under the Uniform Post Conviction Procedure Act, which was denied by Judge Oppenheimer, sitting in the Criminal Court of Baltimore.

Thereafter, the applicant, according to a nineteen-page document written to support his application for leave to appeal from the denial of his latest petition under the Post Conviction Procedure Act, "filed Habeas Corpus Proceedings in the District Court of Maryland * * * and was instructed by Honorable Judge Thomsen to follow this proceeding: 'Under these circumstances, this Court concludes that before it takes any further action on the pending petition, petitioner should be required to file a new petition in the State Courts under the UPCPA raising the search and seizure point. The State Courts will then have an opportunity to consider both the retroactivity question and the waiver question in the light of the Fourth Circuit decision in *Hall v. Warden* and whatever action the Supreme Court may take on the writ of Certiorari which is being requested. The present petition for writ of habeas corpus will be denied at this time, without prejudice to petitioner's right to file another petition herein later.' "

Following Judge Thomsen's suggestions, Young filed his petition in the Criminal Court of Baltimore on February 15, 1963, alleging that:

(i) he did not receive equal protection of the law because he was sentenced to twenty years and his accomplice only received ten years for two charges of armed robbery

(ii) no probable cause existed for his arrest

(iii) he was convicted on the testimony of an accomplice, corroborated only by evidence which was the subject of an illegal seizure

(iv) evidence obtained by the police by means of an illegal search and seizure several months before he was arrested was used against him at trial

Judge Cullen, in a memorandum filed June 24, 1963, denied the petition, stating that as to Young's first contention (which applicant supports, in part, with a poem by William Cowper) "within the limits defined by Article 27 of the *Annotated Code of Maryland,* a Judge, in the exercise of his discretion, may impose sentence as he sees fit." In addition, Sec. 645H of the Uniform Post Conviction Procedure Act, Code (1957 Cum. Supp.), Sec. 645A-J, provides that grounds for relief must be raised in an original or amended petition "and any grounds not so raised are waived" unless they could not have reasonably been raised in the original petition. Young was sentenced in 1957 and his accomplice, Joseph Ryles, quoting from the dissertation applicant filed in this Court along with his application for leave to appeal, "had been convicted for two charges of armed robbery in April, 1957 yet he was held approximately six (6) months after he was found guilty and after new trial was denied before he was sentenced * * *." There is no doubt that this claimed ground for relief could have been raised in Young's first petition and, since it was not, it has been waived. *Smallwood v. Warden,* 231 Md. 652.

Young's second allegation, that he was illegally arrested, has no merit because he does not allege that there was evidence seized at the time of his arrest, as a result thereof, which was used against him at the trial. *Bailey v. Warden,* 231 Md. 626.

In addition, the claim could have been raised in his petition of March 6, 1959. (Judge Cullen dismissed this allegation on the ground that it relates to the weight and sufficiency of the evidence and, therefore, may not be availed of as a ground for post conviction relief, citing *Calloway v. Warden,* 221 Md. 611.)

Judge Cullen properly ruled that Young's third contention concerns the sufficiency of the evidence and cannot be considered under the Uniform Post Conviction Procedure Act. *Dorris v. Warden,* 222 Md. 586.

In expounding on his fourth allegation, the applicant makes the point that, notwithstanding the decisions by this Court which hold that the legality and constitutionality of a search and seizure is properly attacked on appeal but not by way of post conviction procedure (*Ralph v. Warden,* 230 Md. 616; *Strosnider v. Warden,* 228 Md. 663; *Bank v. Warden,* 220 Md. 652), if he had filed an appeal it "would have been considered by the Maryland Court of Appeals as frivolous in view of their previous holdings that 'illegal search and seizure and the fruits thereof' may be used in any felony charge in the courts of the State of Maryland," (see *Hall v. Warden, Maryland Penitentiary,* 313 F. 2d 483, 496 (C.A. 4th)), and since he had no real basis for an appeal during the thirty days following his conviction, he can not be held to have waived his right to appeal on the illegal search and seizure ground. Applicant cites *Johnson v. Zerbat,* 304 U. S. 458, which states, at p. 464, that "a waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."

Young then relies on *Hall v. Warden, Maryland Penitentiary, supra,* which held the doctrine of *Mapp v. Ohio,* 367 U. S. 643, to be retrospective in its effect and application, and "prays that the Honorable Judges will issue the mandate for his release or remand his case to the lower court for proper redress." (It is important to note that if applicant should prevail on his fourth contention then his third contention, if true, might state a meritorious ground for relief.)

Apparently as an alternate reason for not appealing his 1957 conviction, applicant avers that he was without funds and "it was not until the following year, 1958, that the State made pro-

visions for paupers pleas used in filing an appeal of any kind regardless of the criminal action or sentence."

Judge Cullen disposed of Young's fourth allegation by stating that "the procedure followed by the State requires questions relating to search and seizure to be raised on Appeal or Motion for New Trial," citing footnote 9 in the *Mapp* case.

Even if Young is correct in his analysis of the law surrounding his fourth contention, his argument would be of no avail if the evidence used against him was legally seized. (Young alleges that a jacket introduced in evidence against him was taken from his apartment by the police some three months prior to his arrest when "neither petitioner nor any occupants of the house were present." He claims that the police stated that "they entered the apartment * * * by obtaining a key from the Real Estate Company and forcing the second lock on the door." Applicant further contends that "the victims of alleged robbery testified, even though petitioner was known to them, that they could not identify petitioner, but could identify a jacket [the same jacket seized by the police] the State produced as evidence.") Therefore, we shall remand the application to the lower court with instructions to make a factual determination as to whether the jacket was the subject of an illegal search and seizure, and if it was not, the petition should be denied. *Edwards v. Warden,* 232 Md. 667. If the search and seizure was illegal and the applicant's contention that the jacket seized was material evidence against him is accurate and sound, the application of the prisoner or of the State, whichever is aggrieved by the decision of the trial judge, for leave to appeal will be granted so that the point of the retroactive effect of *Mapp v. Ohio* may be fully briefed and argued.

> *Leave to appeal granted and case remanded for proceedings consistent with this opinion.*