GANS *v.* WARDEN OF THE MARYLAND
PENITENTIARY

[App. No. 11, September Term, 1963.]

*Decided January 6, 1964.*

Before the full Court.

PER CURIAM.

The applicant, Charles Gans, seeks leave to appeal from the denial of relief under the Post Conviction Procedure Act. He was indicted in the Criminal Court of Baltimore on November 21, 1960, as a third offender under the Narcotics Laws. The indictment charged a current offense in October, 1960, and alleged prior convictions, both in New York, in 1954 and 1960. A copy of the indictment was served on Gans on November 22. On the 25th he appeared in court without counsel, and the court stated that he would appoint counsel for him. The actual date of appointment does not appear. On December 14, 1960, being then represented by counsel, Gans pleaded guilty to the indictment.

In his petition for Post Conviction relief he alleged first, that his arrest without a search and seizure warrant was unlawful and that his home was illegally entered and searched, and second, that the evidence against him was insufficient in certain respects (a) as to the current offense and (b) in that the records of his prior convictions were not produced. He failed to state that he had pleaded guilty. After the trial court had commented on that plea, Gans sought to add a third contention on his application for leave to appeal that his counsel had entered a plea of guilty though his plea was not guilty. He also sought to add a fourth contention, that he was only a first offender since his offenses in New York were misdemeanors, not felonies.

Neither of the last two contentions is properly before us,

since neither was raised in the trial court. *Bennett v. Warden,* 223 Md. 664, 164 A. 2d 285; *Chislom v. Warden,* 223 Md. 681, 164 A. 2d 912; *Ralph v. Warden,* 230 Md. 616, 619, 185 A. 2d 366, cert. denied 369 U. S. 813. We may add as to these contentions that, even if they were properly before us, they would be unavailing. The third contention is a mere assertion unsupported by anything else in the record, and there is no showing of any complaint or objection having been made when the plea was entered (*Cumberland v. Warden,* 205 Md. 646, 109 A. 2d 66, cert. denied 348 U. S. 929; *Spencer v. Warden,* 222 Md. 582, 158 A. 2d 317; cf. *Chislom v. Warden, supra*). As to the fourth contention, the grade of the offenses resulting in prior convictions under narcotics laws is immaterial under our statute, Code (1957), Art. 27, Sec. 300.

His complaints of insufficiency of the evidence are plainly unsustainable under the established rule that a plea of guilty freely and knowingly made, when accepted, amounts to "a conviction of the highest order" and makes unnecessary a trial or the production of evidence to support the indictment. See *Miggins v. State,* 170 Md. 454, 184 A. 911; *Dobson v. Warden,* 220 Md. 689, 691, 154 A. 2d 921, cert. denied 362 U. S. 954; *Roberts v. Warden,* 221 Md. 576, 580, 155 A. 2d 891, and authorities therein cited, cert. denied 362 U. S. 953; *Niblett v. Warden,* 221 Md. 588, 591, 155 A. 2d 659; *Slack v. Warden,* 222 Md. 626, 160 A. 2d 924; *Brown v. State,* 223 Md. 401, 164 A. 2d 722; *Case v. State,* 228 Md. 551, 180 A. 2d 698; *Buffington v. State,* 230 Md. 423, 187 A. 2d 301; *Biles v. State,* 230 Md. 537, 187 A. 2d 850.

It is also the usual rule in this State that a plea of guilty freely and knowingly entered, with full understanding of its nature and effect and of the facts on which it was founded, properly accepted by the court, amounts to "a waiver of all nonjurisdictional defects." *Case v. State, supra* (228 Md. at 554). See also *Miggins v. State, supra,* and *Bloombaum v. United States,* 211 F. 2d 944 (C.A., 4th).

Here there is no valid challenge to the sufficiency of the facts alleged in the indictment to constitute the offense charged (cf. *Miggins v. State, supra*) and there is no jurisdictional defect; nor do we find anything sufficient to rebut the presumption that

the trial judge acted properly in accepting the plea. *Jones v. State,* 221 Md. 141, 156 A. 2d 421; *Adams v. State,* 224 Md. 141, 167 A. 2d 94; *Cooper v. State,* 231 Md. 248, 253, 189 A. 2d 620.

The applicant can succeed in the present proceedings only if (a) the arrest, search or seizure was unlawful, (b) *Mapp v. Ohio,* 367 U. S. 643, is retroactive, and (c) his plea of guilty did not waive any possible objection to the arrest, search and seizure. Each of the last two of these items involves a constitutional question, neither of which will be reached unless item (a) is first established.

The trial court did not go into the facts pertaining to the question of the lawfulness of the arrest, search and seizure because it held, in accordance with prior decisions of this Court, that even if they were unlawful, this would afford no ground for Post Conviction relief. Very recently, in *Edwards v. Warden,* 232 Md. 667, 195 A. 2d 40, *Young v. Warden,* 233 Md. 596, 195 A. 2d 713, and *Boston v. Warden,* 233 Md. 623, 195 A. 2d 726, this Court, as a result of *Mapp v. Ohio, supra,* has remanded the cases for determination of such questions.

In accordance with the policy of not deciding constitutional questions unless they are squarely presented for decision and, in accordance with the *Edwards, Young* and *Boston* cases above referred to, we shall grant leave to appeal to the extent of remanding the case to the trial court for a further consideration after a hearing on the facts and a determination of the question of the lawfulness of the arrest, search and seizure, without prejudice to the right of either party thereafter to apply for leave to appeal.

> *Leave to appeal granted and case remanded for determination of the lawfulness or unlawfulness of the arrest, search and seizure, and further proceedings not inconsistent with this opinion.*