## MOORE *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 101, September Term, 1963.]

*Decided January 29, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

PER CURIAM.

On December 7, 1961, Wallace J. Moore, the applicant for leave to appeal, pleaded guilty in the Criminal Court of Baltimore to a violation of the narcotics laws and was sentenced as

a third offender to ten years in the Maryland Penitentiary. He did not appeal, but later filed a petition under the Uniform Post Conviction Procedure Act, contending that (1) his guilty plea was induced by his illegal arrest (and "overwhelming incriminating evidence against him"), and (2) that presentment of his previous record to the grand jury prejudiced him. Judge Cullen denied the applicant's petition, and he applied for leave to appeal.

If it be assumed that the arrest was illegal, the applicant is not helped. He does not say that there was any search or seizure but that the testimony of an unreliable, untrustworthy informer brought about his conviction. On arraignment he pleaded not guilty but, after conferring with his privately retained counsel, changed his plea to guilty. There is no support in the record for the applicant's contention that he changed his plea to guilty because he was in custody after an illegal arrest. The incriminating facts, which he himself says were overwhelming, would have loomed over him as persuasively to a plea of guilty if he had been held in custody after a legal arrest.

It appears that the applicant's real grievance is that his guilty plea did not operate to bring about a shorter sentence. As to this, Judge Cullen stated in his memorandum that "the substance of * * * [this contention] is that he [Moore] understood from his trial counsel that a conversation had been held between counsel and the Judge in which it was proposed that if Petitioner plead guilty, he would receive the minimum sentence," and that the testimony adduced at the post conviction hearing "was insufficient to support Petitioner's contention."

In *Case v. State*, 228 Md. 551, we reiterated that a guilty plea properly received acts as a waiver of all alleged prior irregularities. Moore's second contention is insubstantial.

*Application denied.*