## McCOY v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 65, September Term, 1963.]

*Decided March 12, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

On February 27, 1962, the applicant pleaded guilty to two indictments charging robbery with a deadly weapon, and later

was sentenced to twenty years and five years in the Maryland Penitentiary, to be served consecutively. There was no motion for a new trial, nor any appeal.

The applicant filed in the Criminal Court of Baltimore a petition for relief under the Uniform Post Conviction Procedure Act, contending: (1) he was arrested without "a search and seizure" warrant; (2) his confession was involuntary, having been made in response to coercion, threats and promises; (3) he was held incommunicado for three days during which time no one was allowed to see him, nor was he permitted to call his attorney or family; (4) he was held for 5 days before being taken before a magistrate; (5) the police failed to advise him of his constitutional right not to say anything; (6) his privately employed counsel induced him to plead guilty without explaining the consequences of such a plea; (7) his counsel did not properly prepare his defense; (8) his counsel did not adequately defend him because the same counsel was appointed by the court to defend two co-defendants. He now seeks leave to appeal from an order denying him relief.

The first question which must be determined is whether the applicant intelligently, freely and knowingly entered a plea of guilty with full understanding of its nature and effect and of the facts on which it was founded, and whether the court properly accepted the plea. If this question is answered in the affirmative, the plea of guilty amounted to a "conviction of the highest order" and constituted a waiver of all nonjurisdictional defects. *Roberts v. Warden*, 221 Md. 576; *Case v. State*, 228 Md. 551; *Bloombaum v. United States*, 211 F. 2d 944 (4th Cir.). The only contention made by the applicant in regard to his plea of guilty is that his counsel induced him to enter a plea of guilty without explaining the consequences of such a plea (Contention (6), *supra*). The lower court found as a fact that the applicant's attorney did explain the consequences of a plea of guilty. From the record, we cannot say that the court was in error in so finding. Thus it appears that the plea of guilty was intelligently, freely, and knowingly made, and properly accepted by the court. After a voluntary plea of guilty there was no necessity to introduce any evidence at all, whether by

way of a confession or otherwise, and there was no showing that any evidence was introduced. Thus there is no merit in contentions (1) through (5). *Case v. State, supra; Gans v. Warden,* 233 Md. 626, and cases cited.

The remaining contentions, (7) and (8), are without merit. Contention (7), alleging that the applicant's attorney did not adequately prepare his defense, is a bald allegation and the petition states no grounds to support such a claim. Therefore it affords no basis for relief. *Niblett v. Warden,* 221 Md. 588. In addition, it should be noted that after a plea of guilty, there is no defense, as such, for counsel to prepare. Contention (8), apparently alleging a conflict of interest because the applicant's privately employed counsel was appointed by the court to defend two co-defendants, is without merit since the mere appointment of the same counsel to defend the co-defendants, does not, in itself, establish any conflict of interest. Furthermore, the applicant alleges no facts to show that he was prejudiced in any way, and his claim of conflict of interest amounts to no more than another bald allegation.

*Application denied.*