## SIMPSON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 97, September Term, 1963.]

*Decided March 12, 1964.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

Per Curiam.

On May 25, 1961, the applicant, Ernest Edwin Simpson, was sentenced to 8 years in the House of Correction by the Criminal Court of Baltimore after pleading guilty to an indictment charging robbery, and on April 5, 1961, was transferred to the Patuxent Institution. On April 29, 1963, he filed a petition under the Post Conviction Procedure Act, alleging: (1) The identifying witness was never seen by the applicant and did not appear in court. (2) The applicant pleaded guilty so that the State would drop other charges against him. (3) His counsel did not argue the case. (4) He was not represented by counsel in his preliminary hearing before a magistrate. (5) He was illegally arrested.

For the reasons assigned by the lower court the application for leave to appeal is denied as to contentions (2), (3) and (4). The lower court did not explicitly answer contentions (1) and (5), although it found, as facts, that the applicant's privately employed counsel was widely experienced and had represented him "fairly, properly and adequately," and that the applicant's plea of guilty had been entered voluntarily and without coercion of any kind, after counsel had informed the applicant of his rights and of the consequences of a plea of guilty. Hence, the applicant waived his right to raise contentions (1) and (5), because a free and voluntary plea of guilty acts as a waiver of all nonjurisdictional defects and is a conviction of the highest order. *Case v. State,* 228 Md. 551; *Gans v. Warden,* 233 Md. 626. In addition, the plea of guilty rendered it unnecessary for the identifying witness to appear and testify. *Biles, Jr. v. State,* 230 Md. 537.

*Application denied.*