## THOMAS v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 61, September Term, 1965.]

*Decided March 9, 1966.*

Before HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

Per Curiam.

The first application of Tyson Thomas for leave to appeal from an order denying him post conviction relief from his conviction for assault with intent to murder and robbery with a deadly weapon was denied by this Court in *Thomas v. Warden*, 233 Md. 607, for the reason that, having pled guilty and never claimed that his plea was involuntary, the applicant had thereby waived the irregularities he claimed entitled him to the relief sought.

Thereafter he filed a second petition, in which, after reiterating the contentions raised in the first petition, he further claimed that by entering the voluntary plea of guilty he had not thereby waived any of his constitutional rights. At the hearing on the second petition, however, the applicant presented no new evidence and chose to submit upon the testimony and evidence produced at the first hearing. Whereupon Judge Perrott denied the relief sought in the second petition. And we hereby deny the second application for leave to appeal.

Even if the contention of the applicant (submitted in a proffered amendment to the second application for leave to appeal after the transcript was received in this Court) that "his conviction and sentence is null and void because the indicting grand jurors [were] compelled to affirm a belief in God" was properly before us, it would be rejected because the judgments and sentences in this case became final long before the decision of this Court in *Schowgurow v. State*, 240 Md. 141. And it was held in *Schowgurow* that the holding therein was prospective only and would not be retrospectively applied. See *Hamm v. Warden*, 240 Md. 725; *Hays v. State*, 240 Md. 482.

*Application denied.*