TREADWAY *v.* WARDEN OF THE MARYLAND
PENITENTIARY

[App. No. 134, September Term, 1965.]

*Decided June 29, 1966.*

Before HAMMOND, HORNEY, MARBURY, BARNES and Mc-
WILLIAMS, JJ.

PER CURIAM.

William M. Treadway (applicant) seeks leave to appeal from

an order of the Circuit Court for Washington County (Rutledge, J.) denying relief under the Uniform Post Conviction Procedure Act. On March 19, 1965 the applicant, represented by court appointed counsel, entered a plea of guilty before Judge McLaughlin to the charge of armed robbery. He was originally sentenced to ten years in the Maryland Penitentiary, but his counsel was subsequently successful in having the sentence reduced to seven years.

The applicant raised four contentions in his petition for post conviction relief: 1) That he was illegally indicted because members of the grand jury were unconstitutionally required to profess a belief in the existence of a Supreme Being as a condition precedent to service on that panel; 2) That his court appointed attorney was incompetent and had failed to advise him of the nature of his guilty plea; 3) That he was illegally arrested; and 4) That he was held incommunicado after his arrest, he was denied assistance of counsel during that period, and while being held by the police he confessed to the crime of which he was charged.

The applicant's first contention, though raised in his petition for post conviction relief, was not ruled on by the trial court. It can be summarily disposed of, however, here in this Court. The applicant's conviction became final before October 11, 1965, the date *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965) was decided. Relief, therefore, which would be available to some under *Schowgurow* is not available to the applicant in this case. *Thomas v. Warden,* 241 Md. 730, 217 A. 2d 356 (1966).

In regard to the applicant's second contention (incompetency of counsel) the trial court found that his attorney consulted with him prior to trial and fully explained his rights. The applicant chose to plead guilty at his trial, and after a thorough examination at the post conviction hearing, the trial court was satisfied that the applicant understood the charges against him and had pled guilty voluntarily. At the post conviction hearing the applicant himself expressed satisfaction with the conduct of counsel at his trial.

The applicant's third and fourth contentions of illegal arrest and illegal detention and interrogation were waived after he

682

had entered a voluntary plea of guilty. We have held that a guilty plea, freely and intelligently made, operates of itself as a "conviction of the highest order" and constitutes a waiver of all "nonjurisdictional defects." *Gans v. Warden,* 233 Md. 626, 196 A. 2d 632 (1964) and the numerous cases cited therein. A freely and intelligently entered plea of guilty has been held to waive the defects inherent in an illegally elicited confession (*McCoy v. Warden,* 234 Md. 616, 198 A. 2d 245 (1964)), an illegal arrest (*Simpson v. Director,* 234 Md. 618, 198 A. 2d 249 (1964)) and an unlawful search and seizure (*Ogle v. Warden,* 236 Md. 425, 204 A. 2d 179 (1964) ; *Plitt v. Director,* 234 Md. 602, 197 A. 2d 252 (1964)).

*Application denied.*