RAYMOND LEE PRATHER *v.* WARDEN, MARYLAND PENITENTIARY

[No. 154, Initial Term, 1967.]

*Decided July 14, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order dated November 21, 1966 by Judge William B. Bowie of the Circuit Court for Prince George's County, denying post conviction relief.

On March 10, 1966, with Judge Robert B. Mathias presiding, applicant pleaded guilty to robbery. On April 15, 1966 Judge Roscoe H. Parker sentenced applicant to ten years in the Maryland Penitentiary.

In his original petition, applicant alleged five grounds for relief. The first—that he was improperly identified at police headquarters—was abandoned at the post conviction hearing and, at any rate, would not furnish a basis for post conviction relief since a plea of guilty, freely and intelligently made, operates as a waiver of all non-jurisdictional defects. *Treadway v. Warden,* 243 Md. 680.

The second ground—that applicant was induced to make damaging admissions in the presence of both the police and the victims of the crime while he was without the benefit of counsel— was also withdrawn at the time of the post conviction hearing. This allegation is nevertheless clearly without merit since, following the plea of guilty, the admissions were not introduced as evidence and, furthermore, a *voluntary* plea of guilty waives the defects inherent in an illegally elicited confession. *Treadway v. Warden,* 243 Md. 680.

The third ground—that a request for a pre-trial mental examination was refused—was also abandoned at the post conviction hearing, and the hearing judge found as a fact that the applicant himself never desired such an examination.

The fourth ground—that the counsel who represented applicant at trial was incompetent—was dealt with by the post conviction hearing judge who found as a fact that the applicant was wholly, adequately, and competently represented at his trial. From the record, we cannot say that the court was in error in so finding.

As a fifth ground, applicant alleges he was denied due process of law because he was sentenced by a judge who did not preside at his trial. Article 27, Section 642 of the Maryland Code (1967 Repl. Vol.) expressly provides for precisely this procedure, and is, of course, presumed to be constitutional. In any event, in light of the fact that the sentencing judge was aware of applicant's habitual drunkenness, had before him the report of the Department of Parole and Probation, and had the benefit of the information that the applicant had been an exemplary prisoner up to the time of hearing, we cannot say that applicant has made a showing of denial of due process of law.

In his supplemental petition, applicant sets forth his chief allegation which is that the length of the sentence, while admittedly within the statutory limit, is excessive. Applicant alleges that he pleaded guilty before Judge Mathias because he expected to receive a short sentence from him, but that when he appeared for sentencing, Judge Parker, who was prejudiced against him, sentenced him to the maximum allowed by law. The post conviction hearing judge found as a fact that Judge Parker was not prejudiced against the applicant—a conclusion with which we cannot disagree. Furthermore, if a sentence is within the maximum prescribed by statute, and is not actuated by any improper motive, it is not a cruel and unusual punishment and affords no ground for post conviction relief. *Best v. Warden,* 235 Md. 633; *State v. Brown,* 235 Md. 401. We find that applicant entered his guilty plea voluntarily, with the knowledge that the maximum sentence which could be imposed was ten years.

In his supplemental petition applicant also sets forth, as grounds for relief, that he is a chronic alcoholic, that he was drunk on the day of the crime, and that chronic alcoholism is a defense to robbery since the crime was a direct result of the disease. Applicant relies on *Driver v. Hinnant,* 356 F. 2d 761

481

(4th Cir. 1966), which held that a statute making public drunkenness a crime was unconstitutional when applied to a chronic alcoholic. Applicant's position is refuted by *Driver* itself, which states:

> "* * * our excusal of the chronic alcoholic from criminal prosecution is confined *exclusively* to those acts on his part which are *compulsive as symptomatic of the disease.* With respect to other behavior—not characteristic of confirmed chronic alcoholism — he would be judged as would any person not so afflicted."
> [Emphasis added.]

Clearly, no one can contend that robbery is "compulsive as symptomatic of the disease" of chronic alcoholism. Chronic alcoholism *per se* is without merit as a defense against a charge of robbery, especially where no factual showing can be made out that the accused was so drunk at the time of the crime as to be incapable of forming the requisite criminal intent. See *Michael v. State,* 1 Md. App. 243.

For the reasons stated above, the application for leave to appeal is denied.

*Application denied.*