DARL WILLIAM CADDIE *v.* WARDEN, MARYLAND CORRECTIONAL INSTITUTION

[No. 90, September Term, 1967.]

*Decided February 16, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

ORTH, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Circuit Court for Washington County denying relief sought under the Uniform Post Conviction Procedure Act.

The applicant and a codefendant were found guilty of grand larceny by a jury in the Circuit Court for Washington County. The applicant was sentenced to an imprisonment for an indeterminate period not to exceed 4 years accounting from February 16, 1967, and the codefendant for a term of 4 years accounting from April 8, 1967.

In his petition, one of the applicant's allegations is that his attorney, whom he privately retained to represent him at his trial, was appointed by the court to represent the codefendant also and that as there was a conflict of interest between him and the codefendant, he did not receive a fair trial. Upon a hearing on the petition, the lower court found that the attorney retained by the appellant was appointed by the trial court to represent the codefendant with instructions to the attorney that if he felt there was a conflict of interest to so inform the court. After talking to each of his clients, the attorney decided there was no conflict. After "the testimony was in" at the trial, however, the attorney, as he testified at the post conviction hearing, "felt obliged to and did argue to the jury, that there was more evidence against the applicant than there was against the codefendant."

The hearing court, after reviewing the evidence produced at the trial, found that there was "a lamentable and deplorable conflict of interest," and that the applicant "had a right to be disturbed when his attorney told the jury that there was more evidence against him than there was against" the codefendant. It is stated in the memorandum accompanying the order :

> "The concept of conflict of interest is based on the theory that no man can serve two masters, and certainly the attorney found himself in a most unenviable position when it came to argue the case to the jury. The conflict of interest here was sharp and clear".

After so finding, the hearing court concluded that although the applicant "was in a way used to help (the codefendant), a matter of which he was rightfully disturbed, nevertheless his predicament did not help (the codefendant), and the jury found

sufficient evidence, not only to convict the (applicant) but also (the codefendant). If the case had been that (the codefendant) had been acquitted and (the applicant) convicted, it would have been a clear case of injury by reason of conflict of interest." So concluding, the hearing court held that since "there was sufficient evidence to convict even the less involved of the two," the applicant "failed to show any injury by his attorney's conflict of interest."

In support of the holding, the hearing court cited *McCoy v. Warden,* 234 Md. 616 and *Boggs v. Warden,* 232 Md. 656. In *McCoy* there was no conflict of interest shown, the Court stating that "the mere appointment of the same counsel to defend codefendants, does not, in itself, establish any conflict of interest." It added, "Furthermore, the applicant alleges no facts to show that he was prejudiced in any way, and his claim of conflict of interest amounts to no more than another bald allegation." 234 Md. 618. In *Boggs* the Court said that "the unsupported statement that his interest had been subordinated to that of his codefendant was not enough to state a ground of relief." 232 Md. 657. These cases are readily distinguishable from the instant case. Here the hearing court found a "sharp and clear" conflict of interest and we cannot agree that there was no prejudice to the applicant for the reasons advanced by the court. We recognize that what constitutes sufficient prejudice is uncertain, but we note the admonition of the Supreme Court in *Glasser v. United States,* 315 U. S. 60, 76, that "[t]he right to have assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." We think it obvious that if the trial court had knowledge prior to trial of the conflict of interest as became apparent during trial, the applicant and the codefendant would have proceeded to trial with separate counsel. We cannot find that the applicant was afforded effective assistance of counsel under the circumstances here present, and must grant the applicant a new trial.

In view of our finding it is not necessary to determine the merits of the other allegations of the applicant.

*Application granted; case remanded for a new trial.*