**Charles Edward TURNER, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70-C-5-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

April 1, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by Charles Edward Turner, a state prisoner, pursuant to 28 U.S.C. §§ 2241.

Petitioner seeks relief from three convictions imposed on him by the Hustings Court of the City of Roanoke, on June 21, 1962, for two robberies and one attempted robbery. He is currently serving a total of twenty-five years imprisonment in the Virginia State Penitentiary for these three convictions. At his trial, pe-

titioner was represented by court-appointed counsel. Petitioner waived his right to a jury trial and entered a plea of guilty to all three offenses.

■ No appeal was taken from these convictions. On January 6, 1969, Turner filed a petition for a writ of habeas corpus in the Hustings Court of the City of Roanoke seeking relief on the same grounds as those presented in this petition. On April 3, 1969, the petition was dismissed without a hearing. On December 3, 1969, the Virginia Supreme Court of Appeals affirmed that dismissal. Petitioner, having presented his claims to the Virginia Supreme Court of Appeals, has exhausted his available state remedies in compliance with 28 U.S.C. § 2254.

Petitioner seeks relief alleging the following grounds: (1) The initial arrest was made without probable cause; (2) He was placed in a biased line-up, in the absence of counsel; (3) He was denied counsel at the preliminary hearing; and (4) He was denied effective pretrial and courtroom representation by court-appointed counsel.

■■ Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), does not apply retroactively and therefore does not affect this case. St.Clair v. Cox, 312 F.Supp. 168 (W.D.Va.1970). The order of petitioner's conviction clearly shows that the plea of guilty was voluntary. The order on each conviction reads similar:

> Thereupon the said Charles Edward Turner waived arraignment and, having been advised by counsel appointed by the Court to defend him, pleaded guilty to the charge of robbery by violence alleged against him in the indictment and the Court having questioned the defendant and being of the opinion that he realized the consequences resulting from his plea of guilty and

> that he wished to dispose of the case without the intervention of a jury, with the consent of the Attorney for the Commonwealth and the Court, trial by jury is waived.

Further, petitioner does not allege in his present petition that the alleged constitutional errors affected his decision to plead guilty. I am not required to hold a hearing on the voluntariness of the plea, when the plea is not challenged as being involuntary; where the record affirmatively shows that the petitioner was advised of his rights concerning the guilty plea; and where the trial court was satisfied as to its voluntariness.

■ Defendants who voluntarily plead guilty are precluded from collaterally attacking the conviction except on jurisdictional defects. White v. Pepersack, 352 F.2d 470 (4th Cir. 1965); Bloombaum v. United States, 211 F.2d 944 (4th Cir. 1954). The plea of guilty is itself a conviction and nothing remains but to give judgment and determine the punishment. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). In the present case, petitioner has not raised any jurisdictional defects.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order, or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.