**Ferdinand John LOVE, Petitioner,**

**v.**

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–65–D.**

United States District Court, W. D. Virginia, Danville Division.

April 29, 1970.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Ferdinand John Love, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was transferred to this court by order dated December 8, 1969, from the United States District Court for the Eastern District of Virginia.

Petitioner is currently serving a sentence of twenty years in the Virginia prison system, pursuant to a judgment of the Corporation Court of the City of Danville on May 9, 1956, for Robbery. Petitioner, represented by counsel, entered a plea of guilty and was tried by a judge without a jury.

On January 27, 1969, petitioner was given a plenary hearing in the Corporation Court of the City of Danville. The petition for a writ of habeas corpus was denied and dismissed. That judgment was affirmed by the Virginia Supreme Court of Appeals on October 14, 1969. Having presented his claims to the Virginia Supreme Court of Appeals, petitioner has exhausted his available state remedies in compliance with 28 U.S.C.A. § 2254.

Petitioner claims that his guilty plea was involuntary. The state plenary

**224**

court, after hearing the evidence, determined that the plea of guilty was voluntary. Obviously, that court relied on the testimony of petitioner's trial attorney. The attorney testified that he saw petitioner seven or eight times before the trial; that he fully advised petitioner of the evidence against him and his rights should he plead not guilty; and the petitioner voluntarily chose to plead guilty with an understanding of the consequences. He, also, denied that he told petitioner he would receive a sentence of five years probation. This court is likewise satisfied that the plea of guilty was voluntary. It is noted that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is not applied retroactively and, therefore, does not affect this case. St.Clair v. Cox, 312 F. Supp. 168 (W.D.Va., March 18, 1970).

A voluntary plea of guilty acts as an admission of guilty and is a waiver of all non-jurisdictional defects. White v. Pepersack, 352 F.2d 470, (4th Cir. 1965); Bloombaum v. United States, 211 F.2d 944 (4th Cir., 1954). Because the court has found the guilty plea to be voluntary, petitioner is limited to attacking jurisdictional defects. None of petitioner's remaining claims relate to jurisdictional grounds. Therefore, petitioner is precluded from attacking the same in this habeas corpus proceeding.

For the foregoing reasons, the petition for the writ of habeas corpus is dismissed and the relief is denied.