Robert E. PATTERSON, Petitioner,

v.

A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 71–C–69–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 13, 1971.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Pursuant to 28 U.S.C. § 2241, Robert Early Patterson petitions this court for a writ of habeas corpus to terminate his confinement in the Virginia State Penitentiary. By order dated June 4, 1971 this court granted a transfer of the petition from the United States District Court for the Eastern District of Virginia to be filed herein. Leave to proceed *in forma pauperis* has been granted.

Petitioner is currently serving a twenty-year sentence upon a judgment of the Circuit Court of Franklin County, imposed on February 19, 1969 for second degree murder. At the trial petitioner, represented by court-appointed counsel, entered a plea of guilty and was convicted and sentenced by the court.

Following his conviction petitioner appealed directly to the Virginia Supreme Court of Appeals which refused his writ of error and supersedeas. Subsequently Patterson sought habeas corpus relief in the state courts. The Circuit Court of Franklin County denied his petition in a memorandum opinion dated November 3, 1970. On appeal from the Circuit Court's ruling, the Virginia Supreme Court of Appeals affirmed the lower court's judgment on April 27, 1971. Having presented his claims to the state courts, petitioner has exhausted his available state remedies in compliance with the provisions of 28 U.S.C. § 2254 as interpreted by Fay v.

Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

■ Patterson seeks relief upon the following grounds: (1) the plea of guilty was involuntary; (2) he was not afforded effective representation of counsel; (3) the conviction occurred after the commonwealth attorney made prejudicial remarks because of which petitioner was entitled to a new trial. Since the state court records now before the court provide an adequate basis for decision, it is unnecessary to hold a plenary hearing to develop petitioner's claims.

■ Petitioner alleges that the guilty plea was induced by threats made by his counsel and that in any case he lacked the mental ability to understand its consequences. There is no doubt however that the plea of guilty was entered voluntarily by the petitioner. More than three months prior to trial, defense counsel raised the question of the petitioner's mental condition. By court order petitioner was examined by two competent physicians and then committed for observation to Southwestern State Hospital and there found to be mentally competent to stand trial and to testify. The trial court made a searching inquiry to determine whether the petitioner understood his rights and the nature and consequences of his plea. The petitioner, in response to the court's questioning, stated: that he knew he had a right to plead not guilty and to be tried by a jury; that he understood the consequences of the plea; that the decision to plead guilty was his own after consultation with his court-appointed attorney; that his plea was not coerced by his attorney nor by anyone else; that his attorney had gone over the facts of the case with him and; that he felt his attorney was properly representing him. The court-appointed counsel testified that he had made an independent investigation of the case, and that he had consulted the commonwealth attorney. The judgment order of the court recited that the plea of guilty was knowingly and voluntarily entered with the advice of counsel and the court opined that the petitioner understood the nature of the plea.

■■ Patterson however alleges that from conversations with the court-appointed counsel, he was induced to enter the plea by various remarks to wit: "You might as well plead guilty, you know you killed her"; "If you don't plead guilty, you will be tried for first degree and will recieve (sic) death." A guilty plea is not rendered involuntary because it is entered on the considered advice of counsel. Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969); St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va.1970). The mere allegation that his attorney suggested to defendant that if he stood trial he was in jeopardy of a death sentence does not constitute such coercion as to make the plea of guilty an involuntary act. Brown v. Smyth, 271 F.2d 227 (4th Cir. 1969) (and cases cited therein); Burton v. Peyton, 210 Va. 484, 171 S.E.2d 822 (1970). Although the conviction preceded Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the record shows that the trial court commendably proceeded with proper caution and deliberation in determining whether the plea was voluntarily entered. Petitioner has stated no other inducements or intimidations to support his allegations; nor does he suggest that he had a defense to present. We find that the petitioner has not alleged any facts sufficient in law to render the guilty plea involuntary.

■ Petitioner claims that his counsel ineffectively represented him because of a conflict of interest, namely, that defense counsel consulted the commonwealth attorney several times prior to trial. Once a determination is made that a guilty plea was entered voluntarily, the plea is an admission of guilt and constitutes a waiver of all non-jurisdictional defects. Vanater v. Boles, 377 F. 2d 898 (4th Cir. 1967); Love v. Cox, 312 F.Supp. 223 (W.D.Va.1970). The plea of guilty forecloses subsequent collateral attack upon the judgment and the sentence when the attack is based upon an

alleged deprivation at a prior stage in the proceedings. White v. Pepersack, 352 F.2d 470 (4th Cir. 1965); St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va.1970). Since the petitioner's claim is non-jurisdictional, it is waived. We note however that in order to foster the orderly administration of justice, consultations between prosecution and defense are frequently and properly conducted. Nowhere does petitioner claim that the consultations affected his decision to plead guilty.

Patterson's final claim is that the commonwealth attorney's remarks at trial, that the petitioner had previously been confined in the penitentiary, were sufficient to justify a mistrial and that his counsel improperly failed to so move. Although the record is scant, the trial court recited that petitioner, after consultation with his attorney, waived all objections to the prosecutor's remarks and assured the court that he was not prejudiced by them. We may infer that the considerations which rightly prompted the trial court's acceptance of the guilty plea also justified the acceptance of the waiver later in the same proceeding. The court further noted that it was not influenced by the remarks in reaching its decision; it was aware of the petitioner's prior record from its examination of the probation officer. Moreover, petitioner does not indicate what favorable evidence would have been presented in a new trial which had not already been presented. In this context counsel's failure to move for a new trial was an error in judgment, if error at all, in the tactical conduct of the trial. Mistakes in judgment or trial tactics do not deprive the petitioner of a constitutional right. Tompa v. Commonwealth, 331 F.2d 552 (4th Cir. 1965); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969).

For the foregoing reasons, it is ordered and adjudged that the petition for a writ of habeas corpus is dismissed with prejudice and the relief denied.

If the petitioner wishes to appeal this judgment or any part he may do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within 30 days may result in the denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.