## ADAMS *v.* STATE

[No. 124, September Term, 1960.]

142

*Decided January 16, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Anthony J. Nolan* for the appellant.

*Mary Arabian, Assistant Attorney General,* with whom
were *C. Ferdinand Sybert, Attorney General, Saul A. Harris,
State's Attorney for Baltimore City,* and *Norman Polski* and
*James W. McAllister, Assistant State's Attorneys,* on the brief,
for the appellee.

PER CURIAM.

Appellant entered a plea of guilty generally to a three
count indictment charging larceny of an automobile, receiving
stolen goods, and larceny of use of the automobile. He urges
that the court erred in accepting the plea of guilty generally
and in sentencing him for a period greater than the maxi-
mum statutory sentence for larceny of use.

We find no error. "Ordinarily, a plea of guilty by a defend-
ant represented by counsel and capable of participating in his
own defense is accepted as a matter of course. 14 Am. Jur.,
*Criminal Law,* § 271. But in a capital case or other serious
case, such as this, a trial court is required to be satisfied of
the voluntary character of the plea and that the defendant
understands the nature and effect of a plea of guilty. *Lowe
v. State,* 111 Md. 1, 73 Atl. 637 (1909). On review, how-
ever, in the absence of a showing to the contrary, the trial
court will be presumed to have done all that was required of
it in receiving the plea." *Jones v. State,* 221 Md. 141, 144.
The record before us does not shake the presumption, rather
it buttresses it. The appellant had pleaded not guilty when

arraigned. At the trial his attorney explained that after consultation with him the accused wished to change his plea to "guilty generally." The clerk echoed "Plea of guilty generally." The assistant State's attorney then recited the facts of the case which had been stipulated. A signed confession of appellant (which revealed his prior criminal record) was read. Appellant took the stand, apparently in an effort to mitigate the sentence, and after this, sentence was pronounced. At no point during or after the trial did appellant object or complain that the trial court had erred in accepting a plea of guilty generally, or even suggest that the judge had been derelict in any duty owed him.

Appellant had been convicted previously at least six times for larceny of an automobile. It is scarcely conceivable he was not fully aware of the elements of the larcenies to which he admitted guilt. As we said in *Roberts v. Warden,* 221 Md. 576, 580: "It is obvious that his pleas of guilty embraced an acknowledgment of all of the constituent elements of the offenses to which he entered such pleas." See also *Johnson v. State,* 223 Md. 479.

Appellant does not raise the question but his plea at least in the absence of prejudice waived the inconsistency between being guilty of larceny and of receiving stolen goods, *Hardesty v. State,* 223 Md. 559, and there was no prejudice since the sentence was well within that permitted by statute upon conviction of receiving stolen goods over the value of $100.00.

*Judgment affirmed.*