## LEEK *v.* STATE

[No. 32, September Term, 1962.]

*Decided October 22, 1962.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Horney and Sybert, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for the appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City, Joseph G. Koutz, Deputy State's Attorney,* and *Russell J. White, Assistant State's Attorney,* on the brief, for the appellee.

Per Curiam.

The appellant, convicted by a jury of rape but acquitted of perverted practice, claims prejudice because he was required to be tried on both charges in the same trial, he having been arraigned on the perverted practice charge but a few minutes before the trial began. The claim of prejudice is refuted by the fact the jury found him not guilty of perverted practice. If the cases had been tried separately the prosecuting witness could have testified in the rape case to the occurrence of the perverted practice, as she did, *Presley v. State,* 224 Md. 550, *cert. den.* 368 U. S. 957, and, thus, no prejudice arose in connection with the conviction of rape.

The contention of the appellant that it was error to allow the mother of the victim to testify as to the complaints her daughter made on the morning of the rape is without merit. The admission of corroborating evidence that the victim had made complaint promptly was not error. *Murphy v. State,* 184 Md. 70. See also *Shoemaker v. State,* 228 Md. 462. The objections of appellant to the admission of testimony by a doctor as to the emotional state of the victim and testimony by a policeman that the description of appellant's automobile had been given him by another policeman were insubstantial.

The State's Attorney commented, apparently in the closing argument, that statements made by the appellant when arrested and the testimony of alibi witnesses were inconsistent. There

was no reversible error in the refusal to grant a mistrial. The court instructed the jury that it should decide the case on the evidence and not on the remarks of counsel. If impropriety on the part of the prosecutor be assumed, the cautionary warning of the court cured it. *Cohen v. State,* 173 Md. 216, *cert. den.* 303 U. S. 660. Cf. *Shoemaker v. State, supra.*

The trial court was right in refusing a motion for a judgment of acquittal. There was legally sufficient evidence from the prosecutrix (which as a matter of law need not be corroborated, *Doyal v. State,* 226 Md. 31; *Saldiveri v. State,* 217 Md. 412), which was corroborated by her mother and by the police, to enable the jury to be convinced of the guilt of the accused beyond a reasonable doubt.

The jury had the right to give credit to the testimony of the witnesses for the State and to disbelieve that given in behalf of the accused, including that as to the alibi relied on by the accused. *Wright v. State,* 219 Md. 643, *cert. den.* 361 U. S. 851.

The letter submitted by the appellant after this case had been argued and decided as a supplement to the brief filed for him by his counsel was clearly irregular and it contained nothing meriting comment.

*Judgment affirmed.*