## GRANT *v.* STATE

[No. 147, September Term, 1962.]

*Decided January 16, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Jerome A. Dashner* for appellant.

*Joseph S. Kaufman, Deputy Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *E. Thomas Maxwell, Jr., Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

Claiming that a witness for the State was an accomplice and that her testimony had not been sufficiently corroborated to warrant a conviction for unauthorized use of an automobile, the defendant (William Grant) appealed.

An automobile that had been stolen was wrecked three days later. The ensuing investigation of the accident disclosed that the defendant and a friend were pinned inside the demolished vehicle. Three other occupants had fled before the police arrived.

Shortly before the accident, while a taxicab (in which Grady Camp, Norman Ray and Estelle Johnson were riding on the way to Fairfield) was waiting at a stop signal, the defendant came along side the cab in the stolen automobile, and, recognizing Ray, offered to take him and his friends to their destination. The offer was accepted, the cab was dismissed, and the occupants of the cab entered the stolen vehicle with the defendant and his friend (William Adair) and drove away with Ray behind the wheel.

William Grant and three other defendants (Camp, Ray and Adair) were tried under an indictment charging them with

larceny of the automobile and other related offenses. At the first trial, the other defendants were found not guilty by the court (Carter, J.) and, although the defendant was found guilty of unauthorized use under the third count of the indictment, the court subsequently set aside the verdict, appointed counsel for the defendant and set the case down for retrial. The other occupant of the automobile (Estelle Johnson) was not indicted.

At the second trial before the court (Jones, J.) sitting without a jury, Estelle Johnson testified on behalf of the State that the defendant, whom she had not known before, was driving the automobile when it overtook the cab. The defendant, testifying in his own behalf, claimed that he did not know the automobile had been stolen, denied ever having driven it, and stated that he entered the vehicle because "everybody else was getting in it." And William Adair, called as a witness for the defendant, admitted on cross-examination that he was riding in the automobile before the defendant stopped to pick up Ray and his friends.

Since there is no evidence to show that the witness Johnson either advocated or encouraged the unauthorized use of the automobile or knowingly participated in any way in the commission of the offense, it seems clear that she was not an accomplice. Cf. *Anello v. State,* 201 Md. 164. And see *Watson v. State,* 208 Md. 210; *Coleman v. State,* 209 Md. 379. But, even if it is assumed that the witness was an accomplice, there was ample evidence to corroborate her testimony. It was not controverted that the automobile had been stolen. The defendant himself corroborated the fact that he was not known to the alleged accomplice. And the testimony of the defendant's witness Adair (who had been acquitted at the first trial and was not claimed to be an accomplice) was to the effect that the defendant had been operating the automobile before Norman Ray began driving it. The trier of the facts had a right to believe the testimony of the witnesses for the State and to disbelieve that given by the defendant himself (who had an extensive criminal record) or in his behalf. *Leek v. State,* 229 Md. 526.

*Judgment affirmed.*