## MILLER *v.* STATE

[No. 227, September Term, 1962.]

*Decided April 2, 1963.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*David N. Bates* and *Norman N. Yankellow,* with whom was *Joseph Rosenthal* on the brief, for appellant.

*Harrison M. Robertson, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, Benjamin L. Brown* and *Abraham H. Adler, State's Attorney* and *Assistant State's Attorneys,* respectively, *for Baltimore City,* and *Frank H. Newell, III* and *John Moyer, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore County,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, James Bernard Miller, was jointly indicted

with two other defendants for rape, which allegedly occurred on November 7, 1961, in Baltimore City. He requested a removal and the case was transferred to Baltimore County. A severance was granted, he was tried before a judge without a jury on June 13, 1962, resulting in his being found guilty of rape, and sentenced to imprisonment for ten years. On appeal from this judgment and sentence he contended only that the trial judge committed prejudicial error by permitting an extra-judicial statement of a codefendant to be introduced into evidence.

The appellant was arrested on November 9, 1961, and was interrogated concerning an alleged rape which had occurred on November 7, 1961. He denied any actual participation in the crime and in a statement reduced to writing named his companions of the evening involved. On this information warrants were obtained, and Chester Johnson and Dale Husk were arrested by the police. Johnson at first denied any knowledge of a crime, but after he learned that Miller had made a statement he agreed to make a statement if Miller were present. Thereupon Miller was brought into the room in the police station and, in the presence of Miller and a number of police officers, Johnson gave a statement in which he said that Miller was the person who had intercourse with the victim. At the trial there was conflicting testimony as to whether or not Miller denied the accusation. Sergeant Treherne, who took the statement from Johnson, testified that when Johnson pointed out Miller as the person who had intercourse with the victim, and was asked: "Did Miller make any replies at that time?" answered, "He just looked down at the floor." Johnson in his testimony stated that "When it came to the part where I implicated Miller in the statement, he denied it, and Sergeant Treherne told him to shut up." There was thus conflicting testimony as to whether Miller denied the statement.

During the trial of Miller the State offered to introduce the statement of Johnson, made in the presence of Miller. Timely objection was made to the admissibility of the statement, but the trial judge permitted the statement to be admitted into evidence. At the close of the entire case, the judge

218

in his remarks placed great weight on the statement and considered it as substantive evidence of the facts asserted, and used it as a basis for his finding of guilty, even though Johnson, in his testimony at the trial, repudiated it, saying that he made that part of the statement concerning Miller because he had been informed by the officers that both Miller and Husk had given them statements placing all blame for the crime upon him.

It is generally held that if a statement is made by another person in the presence of a party to the action, be it civil or criminal, containing assertions of facts which, if untrue, the party would under all the circumstances naturally be expected to deny, his failure to speak is circumstantial evidence that he believes the statements to be true, and his conduct is thus receivable against him as an admission of such belief. *Ewell v. State,* 228 Md. 615, 618, 180 A. 2d 857; *Zink v. Zink,* 215 Md. 197, 137 A. 2d 139; *Barber v. State,* 191 Md. 555, 62 A. 2d 616; *Wolfe v. Brown,* 173 Md. 103, 194 Atl. 832; *Kelly v. State,* 151 Md. 87, 133 Atl. 899. See also 2 Jones, *Evidence* (5th ed.), § 388; McCormick, *Evidence,* § 247; 2 Underhill, *Criminal Evidence* (5th ed.), §§ 378-380; 2 Wharton, *Criminal Evidence* (12th ed.), § 405; 4 Wigmore, *Evidence* (3d ed.), § 1071. But

> "it may be stated as a general rule that statements made to or in the presence of a person, accusing him of the commission of or complicity in a crime, are, when not denied, admissible in evidence against him as warranting an inference of the truth of the statements. But if the accused is held in custody under a criminal charge, mere silence should afford no inference whatever of acquiescence in statements of others made in his presence. He has the undoubted right to keep silence as to the crime with which he is charged, and is not called upon to reply to or contradict such statements."

1 R.C.L., p. 479.

The so-called "Massachusetts Rule" has been adopted in New York, where it was said:

"A person who is held in custody on a charge of crime, jointly with another person is not called upon to contradict statements prejudicial to him, made in his presence by the other person, in answer to inquiries made by an officer; and such statements, though not contradicted by him, are not admissible in evidence against him."

*People v. Rutigliano,* 261 N.Y. 103, 106-107. See also *Commonwealth v. McDermott,* 123 Mass. 440; *McCarthy v. U.S.,* 25 F. 2d 298. And it has been held that the admission over objection of the accusation and the proof of the defendant's silence constitute reversible error. *Kern v. State,* 237 Ind. 144.

The latest case in Maryland on the question of a purported admission by silence is *Ewell v. State, supra.* However, the facts and circumstances in that particular case were not similar to those of the present case. The admission in Ewell was made on the open street when none of the defendants were in custody and the defendant Ewell could have readily denied any participation in the alleged crime. In the instant case the accused and the co-defendant were in the custody of police officers in a police station and there was a strong motive by Johnson to seek revenge upon Miller when he was informed by the officers that Miller had given a statement incriminating him.

The trial judge once having admitted the evidence of Johnson's statement based his decision almost completely upon the alleged facts in that unsworn statement, and disregarded Miller's, as well as Johnson's testimony that the statement was false. The error committed was so prejudicial as to constitute reversible error.

*Judgment reversed and case remanded for a new trial.*