COOPER et al. *v.* STATE

[Nos. 240-241, September Term, 1962.]

250

Decided April 4, 1963.

The cause was submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

Submitted on brief by *W. Emerson Brown, Jr.,* and *Brown & Allen* for Charles Henry Cooper, one of the appellants.

Submitted on brief by *Neil M. Shpritz* for Lawrence Williams, another appellant.

Submitted on brief by *Nathan Stern* and *Morris Lee Kaplan* for Lawrence Buddy Carter, the third appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City, James W. McAllister, Assistant State's Attorney,* and *Richard M. Pollitt, Special Attorney,* for the appellee.

HORNEY, J., delivered the opinion of the Court.

The defendants (Charles Henry Cooper, Lawrence Williams and Lawrence Buddy Carter) were convicted of statutory burglary by the trial court sitting without a jury under several indictments and have appealed.

In the first indictment (2091/62), Cooper and Williams were jointly charged with breaking and entering 1411 Division Street and stealing from an apartment therein two radios and other articles. Both plead not guilty, but the indictment was subsequently stetted as to Williams. Cooper was convicted of statutory burglary and was sentenced to a term of three years in the Institution for Men.

In the second indictment (2092/62), Williams and Carter were jointly charged with breaking and entering 710 Newington Avenue and stealing a television and other articles. Williams plead guilty to the first count of the indictment and Carter plead not guilty but was convicted of statutory burglary. Both defendants were sentenced to a term of three years in the Institution for Men.

In the third indictment (2093/62), Williams and Carter were also jointly charged with breaking and entering 2003 Madison Avenue and stealing from an apartment therein (but not that of Williams who also had an apartment in the same building) a hi-fi radio-phonograph and other articles. Williams plead guilty to the first count of the indictment and Carter plead not guilty but was convicted of statutory burglary. Both defendants were sentenced to another term of three years to run concurrently with the sentences imposed under 2092/62.

There were other indictments which are not involved in these appeals. In 2094/62 and 2095/62, a Joseph Berman was charged with and plead guilty to receiving the stolen television and hi-fi sets but did not appeal.

Lt. James H. Butler, a police officer, testified that he had investigated the three burglaries. Cooper was arrested first and admitted that he had participated in the Division Street burglary. On information obtained while he was questioning Cooper, the officer also took Williams and Carter into custody.

After the arrest of all the defendants, Cooper made a statement to the police in the presence of Williams and Carter in which he said that the three of them went to 710 Newington together; that he had remained outside while Williams and Carter went inside and got the television; and that they took

the television in a taxicab to Williams' apartment at 2003 Madison. Williams did not deny the truth of the accusation and Carter admitted that he had been with Cooper and Williams at 710 Newington at the time of the burglary.

Williams also made a statement to the police in the presence of Carter in which he said that, after he had informed Carter that Cooper was always leaving stolen property at his place, he asked Carter to help him move a television and hi-fi set from his apartment to Cooper's home. But Carter neither denied nor admitted what had been said.

When the police officer was asked at the trial what other evidence there was against Carter with respect to the Madison Avenue burglary, he replied that although Williams had said that Carter had helped him move the television and hi-fi sets, he did not know whether or not Carter had done so. The officer also stated that Cooper (who was not charged with the Madison Avenue burglary) had accused Williams and Carter of the theft of the hi-fi set and that Carter had just shrugged his shoulders.

Berman, who had bought the stolen television and hi-fi sets, testified that he did not remember their names but thought the defendants (Cooper, Williams and Carter) may have been present when the articles were sold. And, according to the police officer, Carter was said by Cooper and Williams to have taken the $80 paid them by Berman, of which Cooper was said to have received only $10 and Williams only $3. These statements, though made in the presence of Carter, were likewise neither denied nor admitted by him.

Carter testified at the trial that he helped move the television and hi-fi sets from 2003 Madison but denied knowing they had been stolen.

### The Cooper Case

In this case, the only question is whether the evidence was so confusing and conflicting as to be insufficient in law to sustain the conviction.

While the evidence was presented in a manner that makes it difficult to follow easily, the record nevertheless reveals that the evidence produced on behalf of the State was not confus-

ing. Besides proof that an apartment at 1411 Division Street (not 1411 Madison Avenue as stated in the appellant's brief) had been unlawfully entered and two radios stolen therefrom and proof that the radios had been recovered from relatives of Cooper, there was evidence that the defendant had admitted to the police officer that he had burglarized the apartment. This was enough to sustain the conviction.

The trial court, in finding the defendant guilty on the evidence produced, stated that he accepted the testimony of the police officer as true and rejected the testimony of the appellant. This the trial court, as the trier of facts, had a right to do. *Grant v. State,* 230 Md. 384, 187 A. 2d 319 (1963) ; *Leek v. State,* 229 Md. 526, 184 A. 2d 808 (1962).

The judgment against Cooper will therefore be affirmed.

### The Williams Cases

In these cases, the only contention is that the trial court failed to satisfy itself that Williams understood the nature and effect of the pleas of guilty he entered to indictments 2092/62 and 2093/62.

The record discloses that the pleas were entered by counsel and received by the court without comment, and there is nothing to show that the defendant or his counsel for him ever complained, either before, during, or after trial, that the pleas were erroneously accepted by the court. A plea of guilty entered by a defendant, who is represented by counsel and capable of participating in his own defense, is ordinarily accepted as a matter of course. And on review, in the absence of a showing to the contrary, the trial court will be presumed to have done all that was required of it in receiving the plea. *Adams v. State,* 224 Md. 141, 167 A. 2d 94 (1961) ; *Jones v. State,* 221 Md. 141, 156 A. 2d 421 (1959).

No prejudice was shown and we find no error. The judgments against Williams will therefore be affirmed.

### The Carter Cases

While two questions are presented on appeal, both relate to the sufficiency of the evidence to support the convictions. We agree with the contention of the defendant as to one case but not the other.

In the case charging Carter with the Newington Avenue burglary under indictment 2092/62, the evidence was sufficient to sustain the conviction. There was evidence that the defendant after his arrest admitted to the investigating officer that he had been with Cooper and Williams when the television was stolen from the burglarized premises and was taken in a taxicab to Williams' apartment. And although Carter testified at the trial that he did not know anything about the burglary, the trial court chose to believe the testimony produced by the State and to disbelieve that offered by the defendant as it had a right to do. See *Grant v. State* and *Leek v. State,* both *supra.* The judgment in this case will therefore be affirmed.

But in the case charging Carter with the Madison Avenue burglary under indictment 2093/62, the judgment must be reversed because the evidence was insufficient to support conviction. While it was shown that accusatory statements were made by both codefendants in the presence of the defendant and that he had not denied them even though it was evident that he heard and understood what had been said, the statements should not have been received as tacit admissions because the defendant, since he was in the custody of the police, was not required to contradict the statements in order to bar his silence from being accepted as circumstantial evidence of his complicity in this burglary. And it was error for the trial court to base its verdict of guilty in this case on the holding in *Ewell v. State,* 228 Md. 615, 180 A. 2d 857 (1962). There, the tacit admission by Ewell that he had participated in the yoking of the victim was made by remaining silent at a time when only his friends and associates were present and the circumstances were such as to call for a denial or reply if he had not intended to make it appear that the statement was true. But here, where the statements were made to the police at a time when the defendant was in custody, he had the right to remain silent because the circumstances were such as did not call for a denial. *Barber v. State,* 191 Md. 555, 62 A. 2d 616 (1948); *Miller v. State,* 231 Md. 215, 189 A. 2d 635 (1963), and the cases and texts cited therein. There

was therefore no evidence in this case, other than the inconclusive testimony of the receiver of the stolen property to the effect that Carter might have been one of the three men present when he bought the television and hi-fi sets, and this, as herein stated, was insufficient to support conviction.

> *Judgment against Charles Henry Cooper under indictment 2091/62 is affirmed.*
> *Judgments against Lawrence Williams under indictments 2092/62 and 2093/62 are affirmed.*
> *Judgment against Lawrence Buddy Carter under indictment 2092/62 is affirmed; but judgment under indictment 2093/62 is reversed and the case remanded for a new trial.*