## LEEK v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 57, September Term, 1963.]

*Decided February 18, 1964.*

Before the entire Court.

HAMMOND, J., delivered the opinion of the Court.

On February 1, 1962, William E. Leek was convicted of rape but acquitted of perverted practice by a jury in the Criminal Court of Baltimore. He took an appeal and the judgment was affirmed. *Leek v. State,* 229 Md. 526. Now he has applied for leave to appeal from the denial of post conviction relief by Judge Allen.

In his petition filed in the Criminal Court of Baltimore on December 31, 1962, Leek listed the following grounds for relief:

1—there was no evidence before the trial magistrate to establish a *prima facie* case

2—the State's examining physician did not appear before the magistrate or the grand jury

3—the trial court did not have jurisdiction to try the case

4—evidence was insufficient to convict

5—the *corpus delicti* was not proven by the State

6—his conviction was based on perjured testimony

7—the State suppressed evidence

8—he was denied the right to testify in his own behalf

9—his counsel was inadequate

10—the complaining witness did not appear before the grand jury on his indictment for perverted practice

11—he was illegally arrested and evidence seized as a result was improperly admitted

The first ten contentions raised by Leek were discussed and properly dismissed by Judge Allen for stated reasons which we adopt.

Upon examination of the events surrounding Leek's arrest which are pertinent to his eleventh claim, it becomes clear that the allegation of illegality of arrest is without merit. After the crime was committed and the victim released by Leek, she promptly told the police the details of the crime and gave them a description of the car in which the assault took place, including its license number and color. Acting on that information, police officers arrested Leek, the owner of the car. Probable cause for the applicant's arrest existed (See *Farrow v. State,* 233 Md. 526; *Price v. State,* 227 Md. 28; *Mulcahy v. State,* 221 Md. 413; *Edwards v. State,* 196 Md. 233) and, therefore, any evidence seized from Leek by the police at the time he was arrested (*e.g.* his undershorts) was not improperly used against him at trial.

While the application for leave to appeal was pending before us, we caused a copy of the printed record extract filed here in Leek's original appeal to be sent him and he prepared a twenty-page typewritten brief for our consideration. It restated and argued the eleven contentions listed and disposed of above but did not change our views that the contentions lacked substance.

*Application denied.*