## LANDAKER *v.* STATE

[No. 291, September Term, 1963.]

(Four Appeals In One Record)

490

*Decided May 1, 1964.*

The cause was submitted to BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *John B. Wolfkill* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert L. Karwacki, Assistant Attorney General,* and *David K. Poole, Jr., State's Attorney for Washington County,* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant was convicted in the Circuit Court for Washington County in two cases (numbers 1265 and 1266) of the misdemeanors of breaking and entering with intent to steal goods of under the value of $100.00, larceny of goods worth less than $100.00, and receiving stolen goods worth less than $100.00.[1] He pleaded guilty in another case, number 1268, to the misdemeanor of breaking and entering with intent to steal goods of a value under $100.00, and in the last case, number 1269, pleaded guilty to the unauthorized use of an automobile, a misdemeanor.

Appellant argues that (1) he was improperly tried on informations which he neither solicited nor agreed to, rather than on indictments (his claim is that he believed the grand jury would not indict him) ; (2) he was wrongfully denied appointment of counsel in case number 1268, in which he pleaded guilty to breaking and entering; and (3) his plea of guilty in that case was not made with an understanding of the nature of the charge and the effect of the plea.

Maryland Rule 708, which was in effect when the appellant was first charged in May 1962, provides explicitly that a person charged with the commission of a misdemeanor, who has not been indicted by the grand jury, may be prosecuted upon an information filed by the State's Attorney (the rule goes on

---

1. In one of the cases—number 1265—the court sitting without a jury found the appellant guilty generally of breaking and entering with intent to steal, and of the larceny of and the receiving of the same goods. This inconsistency was not objected to or protested in any way below and the sentence of eighteen months was within the limits set by Code (1957), Art. 27, Secs. 341, 342 and 467, respectively. The appellant neither claims nor has shown prejudice and the mistake of the trial court, sitting without a jury, does not amount to reversible error. Bell v. State, 220 Md. 75; Adams v. State, 224 Md. 141.

to provide that one charged with commission of a felony may not be so prosecuted unless, pursuant to Rule 709, he waives action by the grand jury and asks an immediate trial). In the cases before us appellant was prosecuted only for misdemeanors and Rule 708 controlled. The first complaint of appellant is without merit.

The record makes it plain that when the appellant, who was then twenty-five years old and apparently of at least average intelligence, was called for arraignment in case number 1268, Judge McLaughlin advised him of his right to be represented by counsel and of his right to the appointment of counsel, and that the appellant declined the offer of appointment (the docket entry says "Counsel refused in open court"). Appellant may not now be heard to say that the court erred in not appointing counsel for him. *Roberts v. State,* 219 Md. 485; *Schuette v. State,* 228 Md. 340.

There is a presumption that the plea of guilty in case number 1268 would not have been received by the trial judge unless it had been made freely, voluntarily and knowingly, and the record offers no support for the appellant's contention that he has overcome the presumption. *Jones v. State,* 221 Md. 141; *Graczyk v. State,* 230 Md. 299.

The charges in the information in case number 1268 were read to appellant before he pleaded. He offered the plea of guilty to the first count—breaking and entering with intent to steal less than $100.00—and the State agreed to not guilty verdicts on the second and third counts. On July 13, 1962, appellant was found guilty of the charge of breaking and entering by the court in case number 1265 and by the jury in case number 1266. He was sentenced on these convictions by Judge Rutledge just before he was sentenced by Judge McLaughlin in case number 1268. When Judge McLaughlin asked appellant if he had anything to say before sentence was pronounced, he made no contention that his plea, made over a month before, had not been made freely or that he did not understand its consequences and effects.

The testimony in case number 1269 was that appellant confessed to the breaking and entering of the motor company to which he pleaded guilty in number 1268, as well as to the un-

authorized use of the car therein to which he pleaded guilty in number 1269, and he makes no contention that the plea in number 1269 was not a free and knowing one.

Far from supporting the appellant, the record refutes his claim that he did not intend to do what he did or know what he was doing when he pleaded guilty in number 1268. *Adams v. State,* 224 Md. 141.

*Judgment affirmed.*