## LIFSHUTZ v. STATE

[No. 363-B, September Term, 1963.]

*Decided November 10, 1964.*

The cause was argued before HENDERSON, C. J., and PRES-COTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Joseph J. Lyman,* with whom was *David Lifshultz* on the brief, for the appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy*

and *Alfred Burka, State's Attorney* and *Assistant State's Attorney,* respectively, *for Montgomery County,* on the brief, for the appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This is an appeal from a denial of the appellant's motion to withdraw his plea of *nolo contendere* after he had been sentenced to a term of three years by Judge Anderson in the Circuit Court for Montgomery County for criminal activities in connection with a savings and loan association. The appellant challenges the denial of his motion under the "law of the land" clause of the Maryland Declaration of Rights and the Due Process clause of the Fourteenth Amendment to the United States Constitution, and under Maryland Rule 722. He contends that neither the court below nor his own counsel apprised him of the nature of the plea; that the judgment and sentence were improperly entered; and that he was not accorded effective assistance of counsel.

The appellant, with three other persons, was indicted by the Grand Jury in the Circuit Court for Montgomery County on May 12, 1962. The appellant and his co-defendants were charged, in six counts, with obtaining money under false pretenses, embezzlement, larceny after trust and conspiracy to commit various crimes in connection with Mutual Savings and Loan Association, Inc., a Maryland corporation. Copies of the indictments were duly served, and each of the defendants on arraignment on May 28, 1963, pleaded not guilty. On June 17, 1963, the date set for trial, the appellant, by his privately employed counsel, filed a motion for permission to withdraw his not guilty plea and to enter the plea of *nolo contendere* to the fourth count of the indictment. A colloquy ensued between the court, the State's Attorney, and the appellant's counsel, in which the court stated that testimony would have to be taken before the plea could be accepted. The appellant's counsel, with the State's consent, amended the motion to apply to the fifth rather than to the fourth count, and the State's Attorney announced he would stet the other charges against the appellant, with the exception of the fifth count, "the conspiracy to commit false pretense."

On September 30, 1963, a hearing was held before Judge Anderson pertaining to the sentencing of the appellant and his co-defendants. The court reminded the appellant that he had originally entered a plea of not guilty to all counts but had then filed a motion to withdraw the not guilty plea and to plead *nolo contendere* to the fourth count. The appellant's counsel stated this was correct. The court then summarized the fourth count and asked the appellant if it was his desire to plead *nolo contendere* to the fourth count, as set forth in his written plea. The appellant's counsel said it was. Judge Anderson then accepted the plea. After appellant's counsel, at his request, had read the probation report which had been made as to his client, he called several witnesses who testified as to the appellant's character. Thereafter, the appellant's counsel submitted a motion for probation without verdict, which the court denied. Judge Anderson then sentenced several of the other defendants, and called the appellant, who stood by the counsel table. The following colloquy ensued:

> "THE COURT: Do you have any reason now to assign why the Court should not proceed to sentence you in Number 4912, Criminals, to which you pled nolo contendere to the fourth count of the indictment?
>
> MR. LIFSHUTZ: No.
>
> THE COURT: You understand by a plea of nolo contendere that the Court accepts the plea, but you are subject to the same punishment that you would be under a plea of guilty? In other words, it is equivalent to a plea of guilty, but does not bear the same stigma as a plea of guilty so far as your record is concerned, but you are subject to the same punishment.
>
> I have listened to the witnesses who have taken the stand, and I have taken into consideration the probation report that was filed in your case. I also have taken into consideration the evidence that I heard at the trial of Arthur Peisner."

After the court had imposed the sentence of three years upon the appellant, his counsel asked for a respite for his client prior to the serving of the sentence, to observe religious holi-

days and to wind up his affairs, which was granted. On October 14, 1963, the appellant filed a motion for reduction of sentence, and on October 25, by new counsel, filed notice of appeal. On October 28, his original counsel asked leave to withdraw his appearance, which was granted.

On November 27, 1963, the appellant by his new counsel, his brother, filed a motion to withdraw his plea of *nolo contendere* and to enter a plea of not guilty. There was a hearing on both motions on the same day. At that hearing the appellant testified that, while he had had his counsel with him at all times in the court proceedings, he did not understand what the plea of *nolo contendere* meant, and "thought it still could be considered as an innocent plea." He said he had told his attorney from the beginning "there would be enough testimony in my behalf for the Court to consider my innocence." No one, he said, had tried to persuade him to change his plea from not guilty to *nolo contendere;* it was his own action "because I thought it could be treated either way." His attorney had shown him the "Code whereby the nature of the plea of *nolo contendere* is stated," but his attorney, the appellant said, had told him "it may be treated as an innocent or a guilty plea." The State's Attorney, in answer to a question by the court, stated, in the appellant's presence, that he had read to him the Maryland Rule applying to pleas of *nolo contendere.* The appellant then said that his original counsel had shown him "the dictionary; the little dictionary gave the term nolo, and it says it 'may be treated'; and I asked him 'What does that mean?' I took it to mean either guilty or innocent, sir."

The court continued the hearing to give the State's Attorney the opportunity to talk with the appellant's original counsel, to see if he wanted to appear.

The hearing was resumed on December 2, when the State's Attorney stated that the appellant's former counsel had told him "[f]irst of all, there was an attorney-client privilege which he felt he would be breaching by taking the stand, and it would be a violation of the canons of legal ethics * * * And, secondly, he didn't feel that anything had come out which was of a nature that would require him to testify." The court, after reviewing the proceedings as to the plea and hearing further tes-

timony from the appellant as to his part in the building and loan association's affairs, denied both the motions to reduce the sentence and to withdraw the *nolo contendere* plea.

After a plea of *nolo contendere* has been accepted, as it was in this case, it is within the court's discretion whether or not to allow the plea to be withdrawn. Maryland Rule 722. The appellant is entitled on this appeal to question whether or not there was an abuse of discretion in the trial judge's refusal to allow the appellant to withdraw his plea. *Cohen v. State*, 235 Md. 62, 200 A. 2d 368 (1964) and the authorities therein cited. On the record in this case, we hold the appellant has made no showing that the lower court abused its discretion in refusing the appellant's motion to withdraw the plea.

That motion was made after the lower court had accepted the plea, after the appellant's motion for probation without verdict had been refused, and almost two months after sentence had been imposed. At every stage of the proceeding, the appellant was represented by counsel of his own selection. Before acceptance of the plea, the court carefully explained to the appellant the nature of the charge in the fourth count of the indictment, as to which his plea was offered. Before sentencing the appellant, the court asked if he had any reason why sentence should not be imposed, and on the appellant's answer in the negative, Judge Anderson fully explained to him the nature of his plea.

The appellant now complains that, after this explanation, the court proceeded to sentence him without waiting for an answer to the court's question as to whether the appellant understood the nature of his plea. However, after the court's explanation and sentence, the appellant's counsel made a plea for leniency and, after the sentence was imposed, moved for and was granted a respite before the serving of the sentence was to begin. There was ample opportunity for the appellant or his counsel, at the hearing, to claim that he did not understand the nature of the plea, despite the court's explanation. No such representation was made until well over a month later, when the motion to withdraw the plea was filed.

At the hearing on the motion to withdraw, the appellant, for the first time, claimed he did not understand the nature of the plea of *nolo contendere*. This was a bare assertion, the cred-

ibility of which was for the court to weigh. There was a strong inference to the contrary in the record of the prior proceedings. The appellant, while not experienced in court procedure, was a man of some education; he had been a teacher in a religious school, had served in the Army Chaplain Corps, and, before his connection with the savings and loan association, had been engaged in the real estate brokerage business on a part time basis. At the hearing on his motion, the appellant admitted that his first attorney had shown him the "Code" or a "dictionary" in which the nature of the plea was explained, although the appellant claimed he had not understood it. It was within the trial court's discretion to disbelieve the latter statement, and, on the record, the court's denial of the motion to withdraw was clearly not an abuse of his discretion.

In *Lowe v. State,* 111 Md. 1, 73 Atl. 637 (1909) relied upon by the appellant, the defendant had been indicted with another person for burning an untenanted dwelling house. He testified for the State and then entered a plea of guilty to the charge against him. After sentence, he filed a motion for suspension of judgment, alleging he had testified under a promise of immunity by the State. This Court reversed the judgment denying the defendant's motion, and remanded the case for further proceedings on the ground that it appeared from the record that his testimony had been given under a promise of immunity, and that under the circumstances it was error for the lower court to receive the plea of guilty without being satisfied that the accused fully understood its nature and effect. See also *Knox v. State,* 234 Md. 203, 198 A. 2d 285 (1963). In the present case, the record negates rather than supports the appellant's contention, except for his bald assertion that he did not understand the nature of his plea. The judge, having himself explained the nature of that plea to the appellant, had the right to disbelieve him. In *Kadwell v. United States,* 315 F. 2d 667 (9th Cir. 1963), also relied upon by the appellant, in which it was held that the denial by the trial court of the motion to withdraw a guilty plea, made before sentence, was error, the court pointed out the distinction made in Rules 11 and 32(d) of the Federal Rules of Criminal Procedure as to treatment of motions to withdraw pleas made before and after the imposition

of sentence. In *Cohen v. State, supra,* in which the plea of *nolo contendere* had been accepted but sentence had not been imposed before the motion to withdraw, Judge Sybert, in delivering the opinion for this Court, pointed out the difference between the Federal Rules, which provide that motions to withdraw pleas before sentence should be freely allowed, and Maryland Rule 723, relating to *nolo contendere* pleas, which makes no such provision. In *Cohen,* it was held that the appellant had made no showing that there was an abuse of discretion by the lower court in refusing to allow the withdrawal of the plea after it had been accepted. In the present case, the motion to withdraw was made, not only after acceptance of the plea, but, unlike *Cohen,* after imposition of sentence. In *Cohen,* the fact that the appellant was an attorney went only to the question of whether he understood the nature of the plea. In this case there was ample ground in the record for the lower court to reach the same conclusion. See *Gladden v. State,* 227 Md. 266, 176 A. 2d 219 (1961) and *Landaker v. State,* 234 Md. 489, 200 A. 2d 44 (1964). None of the authorities cited by the appellant, in our opinion, is in point on the circumstances here involved.

The appellant contends that his motion to withdraw the plea should have been granted because he was not accorded "effective" assistance of counsel. The basis for this contention is the allegation that he understood, from his original counsel, that a plea of *nolo contendere* was as consistent with innocence as with guilt. Admittedly, the counsel whose professional conduct is now criticized, was experienced, and was privately engaged by the appellant. Admittedly also, the lawyer was present and acting on his client's behalf in court in every stage of the proceeding before he withdrew his appearance. The appellant testified that his counsel had shown him the "Code" in which the nature of the plea *nolo contendere* is stated. He contends that his allegation of the failure of counsel to make clear to him the nature of the plea should be accepted because the lawyer did not take the stand to contradict what he, the appellant, said.

The trial court did not send for the appellant's original counsel, but only accorded him the privilege of taking the stand if he wished to do so. Had the appellant wished his former lawyer to testify, he could have called him as a witness. The lawyer's

declination of the court's invitation is as consistent with a desire not to injure his former client by contradicting him as it is with an implied admission that he had failed to do his duty. Attorneys are officers of the court, and are presumed to do as their duty requires them. *Woodell v. State,* 223 Md. 89, 95, 162 A. 2d 468 (1960). That presumption applies to counsel's message to the court that he did not wish to testify. We find nothing in the record which indicates any such inadequacy of representation as would entitle the appellant to a reversal.

The appellant's contention of deprivation of constitutional rights is based upon the transitory uncertainty shown in the record as to the particular count in the indictment to which the appellant was entering his *nolo contendere* plea. The withdrawal of the not guilty plea to all counts and the submission of the *nolo contendere* plea as to the fourth count was made by the appellant, in writing, by his counsel, on June 17, 1963. At the hearing on September 30, the judge, with the consent of the appellant's counsel, accepted the plea as to that count. The appellant now contends that, because at the hearing on June 17, the appellant amended his motion to apply to the fifth count instead of the fourth and the State's Attorney stetted all charges except as to the fifth count, the court was thereafter without jurisdiction to enter judgment on an indictment which was not properly before him.

The fourth count of the indictment, as the court explained to the appellant before accepting his *nolo contendere* plea thereto, with his consent, charged the appellant with unlawfully conspiring with others to defraud the savings and loan association. The fifth count was also a charge of conspiracy; it charged the appellant with confederating with others fraudulently to obtain certain monies and funds in the custody of the association. The maximum penalty on conviction was ten years under either count. Code (1957) Article 27, Section 38. As to each count, the maximum sentence was greater than that which the court imposed. The appellant was sentenced on the count to which his motion pertained.

In *Cohen,* we held that, by pleading *nolo contendere,* the appellant waived his right to object to alleged procedural defects and his right to have them considered on appeal. 235 Md. at

68-70. The appellant here contends that, under the Due Process and Equal Protection clauses of the Fourteenth Amendment and under the Maryland Declaration of Rights, he was entitled to a full trial under the fourth count, which had been stetted. In *Cohen, supra,* we referred to our holdings that even a constitutional right may be waived. 235 Md. at 70. We do not reach the question of whether lack of jurisdiction may be waived, for here there was no such lack. The temporary confusion as to the count to which the plea was offered was cleared with the consent of the court, the State's Attorney, the appellant's attorney, and the appellant himself, who was present during the discussion. The State has the right to reinstate a stetted case. See *Barrett v. State,* 155 Md. 636, 142 Atl. 96 (1928). It reinstated the fourth count, even though informally, when it accepted the appellant's plea thereto and stetted the fifth count. No injustice was done the appellant. His plea was accepted as to the count to which he had originally offered it and to which he intended his plea to pertain. The court had jurisdiction to impose sentence on acceptance of the plea, and no constitutional right of the appellant was infringed.

*Judgment affirmed; appellant to pay the costs.*