## OWENS *v.* STATE

[No. 235, September Term, 1965.]

*Decided October 11, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Milton B. Allen,* with whom were *George L. Russell, Jr., Richard K. Jacobsen* and *Brown, Allen & Russell* on the brief, for the appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for the appellee.

PER CURIAM.

The appellant, Irvin N. Owens, pleaded guilty to the second count of a two count indictment charging him with attempted larceny. He was sentenced to one year in the Maryland House of Correction by Judge Dulany Foster in the Criminal Court of Baltimore.

On April 26, 1965, at his arraignment appellant pleaded not guilty. At the trial on June 2, 1965, his counsel, who had previously advised him of what he was being charged in the first and second counts of the indictment and of what the penalties were for each of those offenses, asked appellant if he wished to plead guilty to the second count. Owens nodded affirmatively. When counsel questioned him concerning the absence of promises made to him in order to induce a plea of guilty to the second count he answered that no promises had been made and that he still wished to plead guilty to the second count. After this questioning the trial judge accepted the plea, heard evidence presented by the State's Attorney, and then imposed sentence.

His sole contention on appeal is that because the trial judge did not ask any questions of him concerning his plea of guilty in order to determine if he knowingly and intelligently waived certain constitutional rights, the trial judge failed to satisfy himself of the voluntariness of the plea and of the fact that appellant understood the nature and effect of the plea.

Appellant was no stranger to criminal proceedings. He had an extensive record of convictions dating back at least to 1956. Owens made no claim at the trial and makes no claim now of prejudice nor of any misunderstanding of the consequences of

his plea in the court below. In fact he was advised of the nature of the plea and of his rights by his counsel in open court.

It is fundamentally a basic right that an accused be advised of the nature of the charges against him and of the consequences of a plea of guilty, *Adams v. State,* 224 Md. 141, 167 A. 2d 94; *Jones v. State,* 221 Md. 141, 156 A. 2d 421; and this is implicit in a knowing acceptance by the court of a guilty plea. It is not, however, mandatory that the judge ritualistically and personally advise the accused of these matters. It is quite sufficient that the accused be in fact made aware of the consequences of his guilty plea regardless of the source whence the information comes. That the defendant is aware of the nature of the charges and of the consequences of a guilty plea is the duty of the court to ascertain, but the court need not follow any ritualistic formula in reaching its determination. While it might have been the better practice for the trial judge to put the accused on notice of his rights officially, in open court, it was sufficient under the circumstances of this case for the accused to be made aware of those rights through his own lawyer. *Miller v. Crouse,* 346 F. 2d 301 (10th Cir., 1965); *James v. State,* 242 Md. 424, 219 A. 2d 17; *Cooper v. State,* 231 Md. 248, 189 A. 2d 620; *Cf. Lifshutz v. State,* 236 Md. 428, 433-435, 204 A. 2d 541; *cert. den.,* 380 U. S. 953. No prejudice was shown and we find no error.

*Judgment affirmed.*