HUMPHREY TAYLOR BARNES, Alias RAYMOND
BARNES, And CLEVELAND BOBBY BURGESS
*v.* STATE OF MARYLAND

[No. 87, Initial Term, 1967.]

*Decided March 31, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PROCTOR, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Tucker R. Dearing* for appellant Burgess and *Matilda M. Miazga,* on the brief, for appellant Barnes.

*Alan M. Wilner, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Edward P. Camus, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellants were convicted by a jury in the Circuit Court for Prince George's County, of breaking a storehouse with the intent to steal goods of the value of $100 or more. They were indicted with another defendant, Warren Christopher Robinson, who was not tried with them nor was he present at the trial. Each appellant was sentenced to imprisonment for a term of five years and appealed from the judgments and sentences. They raised four contentions:

1) That the evidence was insufficient to sustain the convictions;
2) that the failure of the State to inform defense counsel of oral statements by the defendant, Robinson, was prejudicial;
3) that the indictment was not valid;
4) that the admission in evidence of the oral statements of Robinson was prejudicial error.

We shall first consider the fourth contention. The oral statements were to the effect that an automobile found at the scene of the crime belonged to Robinson's sister, that Robinson, the appellants and a fourth man (who was not apprehended) had driven to the scene in the automobile, and that Robinson did

not know who the fourth man was except that his nickname was Cliff. On direct examination, Detective Frank E. Bishop testified that the statements were made to him by Robinson in the presence of the appellants and they were admitted in evidence over timely objection. On cross-examination, however, Detective Bishop said, in answer to an inquiry as to where the conversations took place, "It was a continuing conversation at the scene, in my automobile, and my office in Seat Pleasant." He further testified that although he had made notes of the conversation, the notes were lost or misplaced when his office had been moved. The record indicates that appellants were taken to the police station in one police car and Robinson was taken to the station in Detective Bishop's car. Testimony proffered by the State is silent as to whether appellants made any direct reply to the statements of Robinson, although there is testimony by one of the police officers that appellant, Burgess, said nothing at the scene. Appellants denied hearing the statements.

The Court of Appeals has held that if a statement is made by another person in the presence of a party to the action, be it civil or criminal, containing assertions of fact which, if true, the party would under all circumstances naturally be expected to deny, his failure to speak is circumstantial evidence that he believes the statements to be true, and his conduct is thus receivable against him as an admission of such belief. *Ewell v. State,* 228 Md. 615 (1962). In *Ewell* the admission was made on the open street when none of the defendants were in custody and the defendant, Ewell, could have readily denied participation in the alleged crime. In the instant case, the appellants were in custody and it is thus distinguished from *Ewell.* In *Miller v. State,* 231 Md. 215 (1963), the Court of Appeals made this distinction in holding that the admission of such a statement was so prejudicial as to constitute reversible error. On page 219, it quotes the so-called "Massachusetts Rule" which has been adopted in New York:

> ' "A person who is held in custody on a charge of crime, jointly with another person is not called upon to contradict statements prejudicial to him, made in in his presence by the other person, in answer to inquiries made by an officer; and such statements, though

not contradicted by him, are not admissible in evidence against him." *People v. Rutigliano*, 261 N. Y. 103, 106-107.'

The ruling of the Court of Appeals was to like effect in *Cooper v. State*, 231 Md. 248 (1963). We hold the oral statements of Robinson were not admissible in evidence. It is noted that in *Miller* the Court said that the trial judge based his decision almost completely upon the alleged facts in the unsworn statement and that in *Cooper* it held that there was insufficient evidence to support the conviction without the inadmissible statement. In both *Miller* and *Cooper,* the trial was by the court without a jury. But in the instant case, we cannot speculate on the weight given the oral statements by the jury and must find that the admission of the statements was so prejudicial as to constitute reversible error.

The State urges that in *Miller* and *Cooper* the inadmissible statements were made while both parties were under formal interrogation at the police station and thus are to be distinguished from the instant case. We think this distinction too fine to constitute an exception to the rule of law announced in *Miller* and *Cooper*. As the appellants were in the custody of the police when the statements were made, the fact that they were not under a "formal interrogation" does not affect the principles inherent in the rule.

In view of our ruling on the fourth contention, it is not necessary that we consider the first and second contentions.

With regard to the third contention, appellants were originally charged under an indictment rendered prior to the decision in *Schowgurow v. State,* 240 Md. 121, decided October 11, 1965. Appellant, Barnes, had filed a motion to dismiss the indictment on grounds other than the composition of the Grand Jury. As a result of *Schowgurow,* another indictment was returned but the motion was not renewed. During the trial of the instant case, the State entered a *nolle prosequi* to the prior indictment and appellants asserted the prior indictment should have been dismissed or a *nolle prosequi* entered before the indictment on which they were tried was rendered. If there was some irregularity in the first indictment, any such defect was corrected when the Grand Jury returned the second. *Lievers*

*v. Warden,* 210 Md. 670 (1956). A subsequent indictment is not rendered invalid merely by the existence of a prior indictment for the same or a related offense. Cf. *United States v. Austrew* (D. C. Md., 1961), 190 F. Supp. 632. Appellants allege no prejudice arising from this contention nor do we find any.

> *Judgments reversed and case remanded for a new trial.*