## JAMES EDWARD ROBINSON AND RONALD ANDRE JACKSON *v.* STATE OF MARYLAND

[No. 651, September Term, 1970.]

*Decided August 31, 1971.*

The cause was argued before ORTH, THOMPSON and CARTER, JJ.

*Michael L. Schwartz* for appellant Ronald Andre Jackson and submitted on brief by *Nelson R. Kandel* for James Edward Robinson, other appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City, Anton J. S. Keating, Arrie W. Davis* and *John B. Griffith, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

CARTER, J., delivered the opinion of the Court.

The co-defendants below, Ronald Jackson and James Robinson were jointly charged in two indictments with armed robbery of Lewis Barber and Harry Conyers on March 21, 1970. Both appellants were tried together before a jury in the Criminal Court of Baltimore, convicted and sentenced to 10 and 12 years respectively. Each ap-

pealed from these judgments, alleging that reversible error was committed by the trial court in allowing evidence to be admitted of an unrebutted accusation made by the victim, in their presence, and while they were in police custody to the effect that they had robbed him and had a gun.

The record shows that on the day of the crime, appellants Robinson and Jackson were together in a car when they noticed that a cab had failed to pick up Barber and Conyers; the appellants invited the two men into their car, telling them they would take them to their desired destination. Shortly after they entered the car, appellant Robinson pulled a gun on Barber and Conyers and told them to hand over their valuables. Thereafter, the victims gave the appellants their money, wrist watches, and other articles of value on their persons. During the course of the robbery, a police patrol car came upon the scene and appellants drove away with their lights off. After a pursuit of five or six blocks, the police car pulled alongside the appellants' vehicle and both cars stopped. Just prior to stopping, the police saw an object, later discovered to be a pistol, being thrown from appellants' car. After both cars stopped, the officers jumped out of their patrol vehicle with guns drawn, and ordered everybody out of the appellants' car. One of the officers testified that as the occupants emerged from the vehicle, Barber said to him, in the presence of appellants Robinson and Jackson: "They just robbed me * * * watch it, they have a gun." Shortly thereafter, Barber stated that the appellants had thrown a gun out of the window of their car. Objection was made by Jackson to that part of the officer's testimony concerning Barber's statement about a gun being thrown out of the car. The objection was overruled on the ground that Barber's statement was part of the *res gestae.* During cross-examination of the appellant Jackson, he was asked whether he said anything in response to Barber's statement that they robbed him and had a gun, made after police custody attached. The question was strenuously objected to by both ap-

pellants. The objection was overruled on the basis that since the statement was not in reply to interrogation while in police custody, it did not violate the rulings in *Miranda v. Arizona,* 384 U. S. 436, but rather was in the nature of a spontaneous declaration. The objection being overruled, the appellant Jackson answered the question by testifying that he made no response to Barber's accusations. No evidence was adduced as to whether the appellant Robinson did or did not remain silent in the face of these accusations.

The Court of Appeals in *Miller v. State,* 231 Md. 215 and *Cooper v. State,* 231 Md. 248 and this Court in *Barnes and Burgess v. State,* 1 Md. App. 123, clearly enunciated the rule prohibiting evidence that an accused remained silent in the face of any accusation made against him while in police custody. In *Miller,* the Court, quoting with approval from 1 R.C.L. p. 479, noted:

> "* * * it may be stated as a general rule that statements made to or in the presence of a person, accusing him of the commission of or complicity in a crime, are, when not denied, admissible in evidence against him as warranting an inference of the truth of the statements. But if the accused is held in custody under a criminal charge, mere silence should afford no inference whatever of acquiescence in statements of others made in his presence. He has the undoubted right to keep silence as to the crime with which he is charged, and is not called upon to reply to or contradict such statements."

In *Barnes, supra,* we held that it made no difference in the application of the rule that the accusatory statements were not made in response to formal interrogation by the police. We said at 126:

> "* * * As the appellants were in the custody of the police when the statements were made, the fact that they were not under a 'formal inter-

rogation' does not affect the principles inherent in the rule."

We think it clear in the circumstances of this case that when the appellants were ordered out of their car by police officers with drawn guns, they were then in police custody.

Consequently, the court erred in permitting in evidence Jackson's answer that he remained silent in the face of Barber's accusations. It is considered error to admit evidence of this nature because by the failure to deny the accusation, the trier of facts might infer an admission by the accused that the accusation was true. To allow this inference would be tantamount to requiring the accused person to give evidence while in police custody in violation of his constitutional right to remain silent and not incriminate himself. Of course, the appellant Robinson had a real interest in excluding from the record any admission by Jackson that he *and Robinson* had robbed Barber because such evidence directly incriminated Robinson. We find, therefore, that Robinson as well as Jackson had a right to object to Jackson answering the inquiry whether he remained silent in the face of Barber's accusation. We hold, in the circumstances of this case, that the overruling of the objection constitutes reversible error as to Robinson as well as Jackson. In so concluding, we have considered, but find no merit in the contention that the error was harmless beyond a reasonable doubt under *Chapman v. California*, 386 U. S. 18.

> *Judgments reversed and case remanded for a new trial.*